## STATE v. ROBERT LABORE.

### Indictment. Pleading.

In an indictment, every traversable fact must be distinctly alleged, with time and place.

In an indictment for bigamy where the time and place of the first marriage was left blank, on demurrer the indictment was held insufficient.

INDICTMENT for bigamy. The first count set forth, "that Rob- "ert LaBore, of Potton, Canada East, on the — day of ———, "A. D. 18—, at ———, in ———, did marry one Catherine "Pratt, and her, the said Catherine, then and there had for his "wife, and that the said Robert LaBore afterwards, to wit, on the "24th day of April, A. D. 1853, at Marshfield, in said county of "Washington, with force and arms, at said Marshfield, feloniously "did marry, and to wife did take, one Mary Wheat, of said "Marshfield, the said Catherine, his former wife, being then and "still alive, contrary," &c.

The second count set forth, "that Robert LaBore, of Potton, "Canada East, the husband of one Catherine LaBore, and Mary "Wheat, of Marshfield, in said county of Washington, on the

State *v.* LaBore.

"24th day of April, A. D. 1853, with force and arms, at said "Marshfield, were found in bed together, under such circum-"stances, as to afford presumption of an illicit intention between "them, the crime of adultery then and there to commit, contra-"ry," &c.

To this indictment the counsel for the respondent demurred, and under the statute stated the following causes of demurrer : "That the marriage of the said Robert LaBore with Catherine Pratt, as alleged in said first count of said indictment, is not set forth with sufficient certainty, there being divers blanks left in said first count, and divers omissions of material averments—that no place is alleged at which the said first marriage with the said Catharine Pratt took place; that the said LaBore's marriage with said Catherine Pratt, is alleged in said first count of said indictment, to have taken place in the year 18—, and at no other time; that it does not sufficiently appear from said indictment, that the said Catherine Pratt was alive at the time of the alleged marriage with said Mary Wheat; that the second marriage of said Robert LaBore, is not alleged to have been to any woman, but to one Mary Wheat, and to no other person, and that said first count is in other respects uncertain, insufficient and informal, &c.

And the said Robert LaBore, by his attornies, Peck & Colby, according to the form of the statute in such case made and provided, states and shows to the court here the following causes of demurrer to the second count of said indictment; that there is no allegation in said second count of said indictment, that the said Robert LaBore was found in bed with a woman, but only with one Mary Wheat, and with no other person, and also that said second count of said indictment is in other respects uncertain, insufficient and informal," &c.

The court adjudged the first count sufficient, and that the respondent answer over, and that the second count is insufficient.

Exceptions by respondent.

*Peck & Colby* and *Merrill & Willard* for respondent.

In an indictment every material fact which is issuable and triable must be laid with time and place. Comyn's Dig. Indict. (G. 2.) *King* v. *Holland,* 5 T. R. 619, 625. *King* v. *Aylett,* 1 T. R. 36. Bacon's Abridg. Indict. 561.

State *v.* LaBore.

The first marriage in prosecutions for bigamy, is a material fact. It must be proved by the same measure of testimony as the second. 3 Greenl. Ev. Title, Polygamy. Without it there is no offence proved. It is issuable and triable, and must be alleged with certainty of time and place.

This is necessary to protect the respondent. ·If he be innocent, if· the allegation of the first marriage be uncertain, he should have the charge distinctly made against him, that he may come before the court prepared for his defense.

The forms of indictment all provide that it should be alleged.

*M. H. Sessions* for state.

The second marriage, constituting the offence for which the respondent is indicted, it is wholly immaterial at what time or where the first marriage took place ; provided, it is distinctly alleged in the indictment, that at the time of the second marriage, the first marriage was in fact then subsisting. 1 Russ. on Crimes 188. Arch. Criminal Pl. 629.

The opinion of the court was delivered by

REDFIELD, Ch. J. ' It seems to be regarded as a uniform rule of pleading, applicable to indictments, that every traversable fact must be directly alleged, with time and place. The first marriage, in prosecutions for bigamy, is always traversable, and must be established, by positive proof of the very fact of marriage, if such proof is attainable. It is not claimed, that such fact is here so alleged, the time and place being both blank. This merely is formal, and of the least possible importance, but unless all form is to be disregarded, (which we could not do without a statute to that effect, after having so long regarded it as essential,) then this indictment is fatally defective.

Judgment reversed, and judgment that the indictment is insufficient.