JOHN MOUNT v. COMMONWEALTH.

**Indictment — Sufficiency.**

The principle has been repeatedly recognized and acted on by this court that an indictment must set forth the offense with such degree of certainty as will apprise the defendant of the nature of the particular accusation on which he is to be tried, and as will enable him to plead the indictment and judgment thereon in bar of any subsequent prosecution for the same offense.

**Written Instruments — Particular Description in Indictment.**

That it was not the intention of the framers of the Criminal Code to dispense with all particularity of description of written instruments, which may be the subject of indictment for forgery, larceny, or other offenses as shown by section 135.

Description of written instrument not required when the instrument is withheld or destroyed by the act or procurement of the defendant, but it must be alleged in the indictment that said instrument was lost or destroyed.

**Evidence, Competency of.**

The fact that the defendant had at or about the same time tendered in payment other altered bank bills, similar in character of the alteration

to the bill for the tendering of which he was prosecuted, was competent evidence to prove guilty knowledge on his part.

The certificate of the Secretary of State of Ohio was also admissible to prove that the Dayton Bank had been legally incorporated.

APPEAL FROM KENTON CIRCUIT COURT.

December 17, 1863.

The court, being sufficiently advised, delivered the following opinion herein, to-wit:

This appeal is prosecuted by John Mount to reverse a judgment of the Kenton Circuit Court, sentencing him to confinement in the penitentiary for two years, for the alleged offense of tendering in payment an altered bank bill.

In the progress of the trial, various exceptions were taken to the rulings of the court in the admission of evidence objected to by the defendant and in giving and refusing instructions to the jury. The motion of the defendant for a new trial having been overruled, he moved in arrest of judgment, on the ground that the indictment was insufficient, but the court overruled the motion, and that decision presents the first question to be determined.

The indictment charges that the defendant " did feloniously tender in payment to Mrs. Margaret Boyle an altered bank bill of the Dayton Bank, a bank created by the law of the State of Ohio, he, the said Mount, then and there well knowing the same to be altered, with the felonious intent of cheating and defrauding the said Margaret Boyle."

The principle has been repeatedly recognized and acted on by this court that an indictment must set forth the offense with such degree of certainty as will apprise the defendant of the nature of the particular accusation on which he is to be tried, and as will enable him to plead the indictment and judgment thereon in bar of any subsequent prosecution for the same offense. Commonwealth v. White, 18 B. Mon. 493; Same v. Terrigo, 3 Metc. 5.

The indictment in this case is obviously defective. It contains no other description of the subject of the alleged offense than that it was " an altered bank bill of the Dayton Bank." It fails to set out the denomination or state number of the bill, or indeed any such matter or description as to distinguish the bill in question from any bill of the same bank.

The indictment is equally vague and uncertain with respect to the character of the alleged alteration, whether the alteration was by erasure or addition or mutilation does not appear.

That it was not the intention of the framers of the Criminal Code to dispense with all particularity of description of written instruments, which may be the subject of an indictment for forgery, larceny, or other offense, as shown by section 135, which declares that where such written instrument has been withheld or destroyed by the act or procurement of the defendant, and such destruction or withholding is alleged and proved a nondescription of the instrument is immaterial.

We are of opinion, therefore, without noticing other objections to the indictment which have been urged in argument, that the motion in arrest of judgment should have been sustained.

The fact that the defendant had at or about the same time tendered in payment another altered bank bill similar in the characters of the alteration to the bill for the tendering of which he was prosecuted was competent evidence to prove guilty knowledge on his part. This principle is sustained by ample authority.

The certificate of the Secretary of State of Ohio was also admissible to prove that the Dayton Bank had been legally incorporated. Various other questions have been presented in argument which it is not deemed necessary to notice.

For the error mentioned the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.