JUDGE PETERS
delivered the opinion oe the court.
Appellee was indicted for bigamy, charged to have been committed in the following manner: That the said James Whaley, on the 24th day of December, 1868, in the *267 county and state aforesaid, and before the finding of this indictment, did then and there, having~a wife then living, unlawfully marry Laurena Farley, against the peace and dignity of the commonwealth of Kentucky.
To this indictment a demurrer was sustained, and the commonwealth complains of that judgment.
The word “marriage” has a technical meaning, and includes a compliance by the parties entering into that relation with all the legal forms and- prerequisites to constitute husband and wife, if neither is laboring under any disqualifying disability or legal obstruction at the time. The charge that the accused unlawfully married a certain woman, having a wife living at the time, contains facts sufficient to constitute the ofiense of bigamy if he had a wife living at the time he was married the second time. He must have been married to her or she could not have been his wife; and that, with the averment that he had married another woman named, completed the crime.
Nor was it necessary to aver in the indictment that appellee was not within any of the savings or exceptions of the statute, since he can, if he is within any one of, them, make the fact available as a defense to the prosecution.
The indictment contains all the facts that are necessary to apprise appellee of the nature of the offense with which he is accused, and a judgment in the case would bar another prosecution against him for the same offense.
. It seems to us therefore the demurrer was erroneously sustained. "Wherefore the judgment is reversed, and the cause is remanded, with directions to overrule the demurrer, and for further proceedings consistent with this opinion.