CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
The indictment in this case charges that “ Eliza A. Davis, on the-day of May, 1877, in the county and state aforesaid (Kenton County, Kentucky,) and before the finding of *320 this indictment, having a husband then living, unlawfully married John Mackey, against the peace and dignity of the Commonwealth of Kentucky.”
The statute provides that, “Whoever being married, the first husband or wife, as the case may be, being alive, shall marry any person, shall be confined in the penitentiary not less than three nor more than nine years.”
The indictment follows substantially the language of the statute, and is almost an exact copy of the indictment in the case of the Commonwealth v. Whaley (6 Bush, 266), which this court held to be sufficient.
Sec. 22, chap. 31 of the English Statute of 9 Geo. IV, does not essentially differ either in substance or language from our own. Yet in indictments framed under that statute, it has been deemed necessary to aver specifically the time and place of the first marriage, and to set out the name of the first husband or wife. (Bishop on Criminal Procedure, volume 2, page 881; Archibald on Criminal Practice and Pleading, volume 2, page 1024.)
By the second sub-section' of sec. 122, Bullitt’s Criminal Code of Practice, it is provided that the indictment must contain “A statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is* intended; and with such a degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case;” and sub-section 4, sec. 124, provides that the indictment must be direct and certain as regards “ The particular circumstances of the offense charged, if they be necessary to constitute a complete offense.”
These provisions are to be construed in the light, and according to the principles of the rule, that where the words of the statute are descriptive of the offense, the indictment will be sufficient if it shall follow the language and expressly *321 •charge the described offense on the defendant. But this rule applies only to offenses which are complete in themselves, when the acts set out in the statute have been done or performed.
Such is not the case in the crime of bigamy or polygamy. The second marriage, which is the inhibited act, is not in itself necessarily criminal. Its criminality depends upon the •collateral or extrinsic facts that a former marriage has taken place, and that the first husband or wife is ■ alive at the time ■of the alleged polygamous marriage. Therefore the statute in question is not in itself completely descriptive of the offense, and the rule in question is not applicable to it.
In all cases the indictment must set forth the offense •charged with such a degree of certainty as will apprise the defendant of the nature of the peculiar accusation on which he is to be tried (1 Duv. 90; 18 B. Mon. 493; and 3 Met. 5); •and every traversable fact must be alleged. (The State v. Labore, 26 Vermont, 765.)
The indictment against Mrs. Davis does not set out the fact of the supposed first marriage. It does charge that she had a husband living at the time of her marriage to John Mackey, and from this averment of a conclusion of law rather than of fact, it may be inferred she had been married to that husband. But such indirect pleading would not be good in a ■civil cause.
The appellant had the right to be informed by the indictment of the name of the person to whom the prosecution expected to prove she had been first married, and the state -or country in which such alleged marriage took place.
The indictment as drafted made it necessary that she should stand prepared to rebut such proof as the Commonwealth might make as to her former marriage to any and every man, and in any and all countries.
Tried by each and all the rules of pleading to which we have called attention, the indictment is insufficient. We must *322 therefore assume the responsibility of overruling the case of The Commonwealth v. Whaley (6 Bush, 266).
The court did not err in refusing to admit the Utah record as evidence. It is incomplete upon its face, and was clearly inadmissible to prove that the appellant had been divorced from Davis by a court of competent jurisdiction. Neither was such record competent for the purpose of proving that the appellant in good faith believed she had been divorced. In most offenses the evidence of the felonious intent may be met and rebutted} but in this the statute has fixed the exceptions, one of which is in favor of persons who have been lawfully divorced and permitted to marry; and the courts can not extend this exception to persons who have not been, but who in good faith believe they have been lawfully divorced. (Commonwealth v. Marsh, 7 Met. 472.)
But for the reasons given the judgment against the appellant is reversed, and the cause remanded with instructions to the criminal court to sustain the demurrer to the indictment.