### CELESTE McAFEE v. THE STATE.

No. 1623.    Decided June 24, 1897.

#### 1. Indictments—Sufficiency Of.

Our Constitution and laws provide, that all indictments shall contain the nature and cause of the accusation against the accused; and, unless the statute contain, in its phraseology, all of the essential elements of the offense, it is not sufficient merely to follow the language of the offense. The rule, that to follow the language of the statute is sufficient, only applies to offenses which are complete within themselves when the acts set out in the statute are done and performed.

#### 2. Same.

No intendment should be indulged to help out a failure to allege an essential matter in the indictment, but every traversible fact must be charged.

#### 3. Same—Bigamy.

In bigamy, the second marriage, which is the inhibited act, is not necessarily criminal. Its criminality depends upon the collateral or extrinsic fact that a former marriage has taken place, and that the first husband or wife is alive at the time of the alleged polygamous marriage. The statute, therefore, is not in itself completely descriptive of the offense, and for the indictment simply to follow the language of the statute is not sufficient.

#### 4. Same.

In an indictment for bigamy, while it is not necessary to allege with particularity the place where, and by whom, the former marriage was performed, still, in order to be sufficient, the indictment must distinctly aver a former marriage. It must allege the name of the former wife or husband and the subsequent marriage on which the prosecution is based. The allegation that the accused (a married woman) "then and there having a husband then living," is insufficient to allege a former marriage; and such an indictment is fatally defective. Overruling Watson v. State, 13 Texas Crim. App., 76.

APPEAL from the District Court of Tarrant. Tried below before Hon. IRBY DUNKLIN.

Appeal from a conviction for bigamy; penalty, two years imprisonment in the penitentiary.

The indictment is set out in the opinion. No other statement necessary.

*J. S. Davis*, for appellant.—The indictment does not follow the words of the statute, or use words of equivalent meaning; it does not allege a prior marriage or a former husband. Everything which is necessary to prove should be alleged. Code Crim. Proc., art. 440; 18 Texas Crim. App., 124; 17 Texas Crim. App., 178; 14 Texas Crim. App., 156, 662; 13 Texas Crim App., 220.

If the indictment does not state all these essentials, it is not a valid indictment. Huntsman v. State, 12 Texas Crim. App., 619; 1 Texas Crim. App., 362; 7 Texas Crim. App., 42; 21 Texas Crim. App., 349.

This requirement is not a matter of form but of substance, and required by the Constitution. Huntsman v. State, 12 Texas Crim. App., 619; State v. Learned, 47 Me., 426; U. S. v. Cruikshank, 92 U. S., 542.

If everything stated in an indictment may be true, and yet the accused not guilty of any offense, the indictment is insufficient. Huntsman v. State, 12 Texas Crim. App., 619.

The facts constituting the crime are not stated. The indictment states only conclusions that the law might draw from facts, is argumentative, and has to be aided by inferences and intendments, and is not sufficient. 22 Texas Crim. App., 625; 17 Texas Crim. App., 232; 14 Texas Crim. App., 145, 662; 13 Texas Crim. App., 28, 428.

This indictment is not sufficient. Hull v. State, 7 Texas Crim. App., 593; Davis v. Commonwealth, 13 Bush (Ky.), 318; Prichard v. People, 49 Ill., 52; 36 N. E. Rep., 103; Sauser v. People, 8 Hun (N. Y.), 302; State v. Labore, 26 Vt., 765; 2 Bish. Crim. Proc., p. 881; 2 Arch. Crim. Pl. and Prac., 7 ed., p. 1024; 1 Russell Crimes, 9 ed., p. 268, note a; Moore v. Commonwealth, 7 Metc., 643; 2 Lead. Crim. Cases (B. & H.), 519; Koppe v. People, 43 Mich., 41; 1 Greenl. on Ev., sec. 204.

*J. W. Swayne*, County Attorney, and *Mann Trice*, Assistant Attorney-General, for the State.—The allegation, "did unlawfully marry Carl Beaumon, she, the said Mrs. Celeste McAfee, there and then having a husband then living," necessarily means a husband other than Carl Beaumon. "Then and there having" necessarily means and refers to a person (husband) other than the Beaumon husband "then living," and can not by reasonable construction be made to refer to Carl Beaumon, but implies and means another person (husband) then living; that is, at the time of her marriage with Carl Beaumon.

HENDERSON, JUDGE.—Appellant was convicted of bigamy, and her punishment assessed at two years in the penitentiary, and she prosecutes this appeal.

The only question that needs to be discussed is with reference to the indictment, the charging part of which is as follows: "That one Mrs. Celeste McAfee, in the county of Tarrant and State of Texas, on the 10th day of February, 1897, did unlawfully marry Carl Beaumon, she, the said Mrs. Celeste McAfee, then and there having a husband then living," etc. Appellant insists that this indictment charges no offense; that is, it fails to allege a prior marriage by the defendant, and that her said former husband was living at the time of her second marriage. The language of our statute upon this subject is as follows: "If any person who has a former wife or husband living, shall marry another in this State, such person shall be punished by imprisonment in the State penitentiary for a term not less than two nor more than five years." Penal Code 1895, art. 344. We are not aware that the question raised in this case has been before this court, but it has been held that a prosecution for unlawful marriage can be sustained only by allegation and proof of a former valid marriage and a subsequent marriage, the former legal husband or wife being still living. See Hull v. State, 7 Texas Crim. App., 593, and Dumas v. State, 14 Texas Crim. App., 464. The Constitution and our Code of Criminal Procedure provide that all indictments shall contain the nature and cause of the accusation against the accused. And it has been held that, unless the statute contain in its phraseology all of the essential elements of the offense, it is not sufficient merely to follow the language of the statute. In this case, however, the indictment does not even follow the language of the statute. The statute has the words "former wife or husband living," etc. The indictment here presented does not even allege that Mrs. Celeste McAfee had a former husband living, but, after charging her marriage with Carl Beaumon, proceeds to state, "she then and there having a husband then living." It would be entirely consistent with this indictment if this language be construed to refer to Carl Beaumon; for, the moment she married him, she then and there had a husband then living. No intendments should be indulged to help out a failure to allege essential matter in the indictment, but these must be charged. The English authorities, and some of our American States, require indictments for this offense to set out with particularity the time and place of the first marriage, and to whom. 3 Chit. Cr. Law, 719, and note; Bish. St. Crimes, sec. 601; State v. Labore, 26 Vt., 765. Mr. Bishop on this subject states the better rule to be as follows: "The first marriage is practically one-half of the case, and is often the most nice and delicate part. Commonly it can be proved only by exhibiting the particulars. And in reason, under a constitution declaring, as some of ours do, that 'no subject shall be held to answer for any crime or offense until the same is fully and plainly, substantially and formally, described to him,' there is fair ground for rejecting a mere general allegation of half of the case, as not complying with this requirement, and for holding the meaning to be that what is special to the particular instance, in distinction from the crime in general, must be set out." See Bish. St. Crimes, sec. 602. It is true, the first

marriage is not criminal. Its existence, however, is a condition which makes the second marriage a crime. It is a fact that must be proved, and certainly enough of the former marriage must be alleged to admit this proof. In a Kentucky case (Davis v. Com., 13 Bush, 318) this question came up on an indictment almost similar in terms to the one before us, the indictment being as follows: "That Eliza A. Davis on the —— day of May, 1877, in the county and State aforesaid, and before this indictment, having a husband then living, unlawfully married John Mackey, against the peace and commonwealth of Kentucky." The statute in that State is substantially similar to ours. The court, in speaking of their statute, uses this language: "These provisions are to be construed in the light and according to the principles of the rule that where the words of the statute are descriptive of the offense the indictment will be sufficient if it shall follow the language and expressly charge the described offense on the defendant. But this rule applies only to offenses which are complete in themselves, when the acts set out in the statute have been done or performed. Such is not the case in the crime of bigamy or polygamy. The second marriage, which is the inhibited act, is not in itself necessarily criminal. Its criminality depends upon the collateral or extrinsic facts that a former marriage has taken place, and that the first husband or wife is alive at the time of the alleged polygamous marriage. Therefore the statute in question is not in itself completely descriptive of the offense, and the rule in question is not applicable to it. In all cases the indictment must set forth the offense charged with such a degree of certainty as will apprise the defendant of the nature of the peculiar accusation on which he is to be tried. Mount v. Com., 1 Duv., 90; Com. v. White, 18 B. Mon., 493; and Com. v. Perrigo, 3 Metc. (Mass.), 5. And every traversable fact must be alleged. State v. Labore, 26 Vt., 765. "The indictment against Mrs. Davis does not set out the fact of the supposed first marriage. It does charge that she had a husband living at the time of her marriage to John Mackey, and from this averment of a conclusion of law, rather than of fact, it may be inferred she had been married to that husband. But such indirect pleading would not be good in a civil cause. The appellant had the right to be informed by the indictment of the name of the person to whom the prosecution expected to prove she had been first married, and the State or country in which such alleged marriage took place. The indictment, as drafted, made it necessary that she should stand prepared to rebut such proof as the commonwealth might make as to her former marriage to any and every man, and in any and all countries. Tried by each and all the rules of pleading to which we have called attention, the indictment is insufficient." And see Prichard v. People, 149 Ill., 50, 36 N. E. Rep., 103; Sauser v. People, 8 Hun, 302; Moore v. Com., 6 Metc. (Mass.), 243. Now, we do not hold that it is necessary to allege with particularity the place of such former marriage, or by whom said former marriage was celebrated; but we do hold that, in order to be sufficient, an indictment should distinctly aver a former marriage. It should

allege the name of such former wife or husband, and the subsequent marriage on which the prosecution is based; that is, enough of the former marriage should be stated to apprise the defendant in general terms of the proof which will be adduced by the State to establish the same. So far as the case of Watson v. State, 13 Texas Criminal Appeals, 76, is in conflict with this opinion, same is overruled. In this case, not even a former marriage was alleged, but simply that appellant married Carl Beaumon, then having a living husband. It was not even alleged that such living husband was other than the said Carl Beaumon. Under the rules of criminal pleading, as applied to this offense, we hold the indictment in this case is insufficient to charge the offense. The judgment of the lower court is therefore reversed, and the cause ordered dismissed.

*Reversed and dismissed.*

[NOTE.—The motion in behalf of the State for a rehearing was overruled without a written opinion.—Reporter.]