## J. R. VINSANT V. THE STATE.

No. 2191.  Decided January 16, 1901.

**Bigamy—Indictment.**

An indictment for bigamy, to be sufficient, must allege the name of the former wife or husband and the subsequent marriage, upon which the prosecution is based. Simply to charge that defendant did unlawfully marry Martha M. W., he then and there having a former wife then living, is not sufficient to charge the offense. Following McAfee v. State, 38 Texas Crim. Rep., 124.

APPEAL from the District Court of Collin. Tried below before Hon. J. E. DILLARD.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

Defendant made a motion to quash the indictment, which was overruled.

*Jones & Eastham,* for appellant, cited McAfee v. State, 38 Texas Criminal Reports, 124.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for bigamy; two years in the penitentiary. The charging part of the indictment is as follows: That appellant "did then and there unlawfully marry Martha M. Woodard, the said J. R. Vinsant then and there having a former wife then living." With the exception of using the word "former," this indictment is identical with that in McAfee v. State, 38 Texas Criminal Reports, 124. It was there held that, in order to constitute a sufficient indictment in this character of case, it should allege the name of the former wife or husband, and the subsequent marriage on which the prosecution is based; that is, enough of the former marriage should be stated to apprise defendant in general terms of the proof which would be adduced by the State to establish the same. Overruling Watson v. State, 13 Texas Criminal Appeals, 76. This indictment is not in conformity with the rule laid down in the McAfee case, supra, and the motion to quash, made in the court below, should have been sustained. The judgment is reversed, and the prosecution ordered dismiss

*Reversed and dismissed.*