### J. L. Williamson v. The State.

#### No. 2610.   Decided February 25, 1903.

**1.—Disinterring a Human Body—Information.**

An information, brought under article 367, Penal Code, for disinterring a human body, to be sufficient, must allege the name of the deceased person whose body was disinterred, in order to apprise defendant of the nature of the particular accusation upon which he is to be tried.

**2.—Same—Suggestion to Legislature as to the Law.**

See opinion for a discussion of the statute, article 367, holding it indefinite and uncertain in its terms, and suggesting to the Legislature that a comprehensive and definite statute upon the subject is required.

Appeal from the County Court of Stephens.   Tried below before Hon. W. C. Veale, County Judge.

Appeal from a conviction of disinterring, etc., a human body; penalty, a fine of $75.

Appellant made a motion to quash the information, in that it failed to allege the name of the deceased person whose body was disinterred. This motion was overruled.

W. P. Sebastian and Calhoun & Webb, for appellant.—In a prosecution for wrongfully disinterring a corpse under article 367 of the Penal Code of Texas, the indictment or information should state the name of the person whose body was disinterred, or otherwise describe the same, or state that it was unknown, and should also give the name of the person authorized to consent to such disinterment.

The information fails to give the name or otherwise describe the body or the person whose body was disinterred, or to state that it could not

be given, or to state the name of any person whose consent should have been given to render such disinterment lawful. Code Crim. Proc., art. 441; Stockton v. State, 25 Texas, 772.

In this case the corpus delicti was not proven beyond a reasonable doubt. The evidence does not establish the fact that article 367 of the Penal Code has been violated.

It is most probable from the evidence that some time between the 3d and 7th of July, 1902, some one opened the grave of William Thomason, deceased, removed the box lid from over the coffin, removed the cover and glass from over the face and upper part of the body of the corpse, and severed the head, or cut the skull out of the head of the corpse, and carried it away. A portion of the head the size of one-tenth of the whole body, is not the body.

Webster defines "body": (1) The frame of an animal; the material organized substance of an animal whether living or dead." (2) "The main central part of an animal in distinction from the head and extremities." Anderson's Dictionary of Law defines "body," in an indictment for murder, the "trunk," in distinction from the "head and limbs."

The trunk shorn of the head and limbs might be styled the body, but the head above the neck, or the skull and bones of the head peeled out of the flesh, skin and hair, would by no means be considered the "body."

The body was not disinterred. Webster defines "disinter" thus: "To take out of the grave, or out of the earth." There is no evidence to the effect that the body was taken out of the grave, or out of the earth, or even out of the coffin, the appearance being that only the glass over the upper part of the corpse was removed and the skull and bones of the head skinned out.

The word "remains," when used in this connection, is defined by Webster as "a dead body, a corpse." No human body was taken out of the grave; no human body was removed or carried away.

As showing that the indictment should contain the name of the deceased, we, cite McNamee v. People, 31 Mich., 473; State v. Little, 1 Vt., 331. For case where it is held that the word "body" does not include remains of persons long buried and decomposed, see Charter v. Zanesville, 52 N. E. Rep., 126.

A penal statute can not be extended by implication or construction to cases within the mischief, if they are not at the same time within the terms of the act. Bish. Stat. Const., 3 ed., sec. 190e. As illustrating this principle we beg to call attention to the following cases: State v. Lovell, 23 Iowa, 304; Dudley v. W. U. Tel. Co., 54 Mo. App., 391; Griffin v. State, 4 Texas Crim. App., 390; Young v. State, 58 Ala., 358. Also to articles 1, 3, 9, and 10 of our Penal Code, giving the rules of construction that govern in criminal cases.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted under article 367, Penal Code, of the offense of disinterring, removing, and carrying away a human body, etc., and his punishment assessed at a fine of $75; hence this appeal.

Appellant assigns a number of errors, but it is only necessary to discuss those which dispose of the case. Appellant made a motion to quash the information, among other things, on the ground that it failed to allege the name of the human body alleged to have been disinterred. Article 367, Penal Code, provides as follows: "If any person not authorized by law or by a relative or friend, for the purpose of reinterment, shall disinter, remove, or carry away any human body, or the remains thereof, * * * he shall be punished by fine not exceeding two thousand dollars." We are not advised that this statute has been before our courts for construction. However, upon the question here presented, consulting decisions on statutes framed in terms similar to this, the name of the alleged dead person should be set out in the indictment. See McAfee v. State, 38 Texas Crim. Rep., 124. And upon this exact question the authorities in other States hold that the name of the dead person is essential. See 2 Bishop, Crim. Proc. sec. 1010, and authorities there cited. An indictment should always describe the offense as set out in the statute, and sometimes more than even the definition contained in the statute should be set out, in order to apprise the accused of what he is called upon to answer; that is, the indictment must set forth the offense charged with such a degree of certainty as will apprise the defendant of the nature of the peculiar accusation on which he is to be tried. If it is held that the want of consent of the relatives or friend of a deceased person is an essential averment, and that the burden is on the State to prove this, as in theft cases, then it would unquestionably follow that the name of the deceased person should be alleged. If, on the other, it is held that, while it is necessary to aver such want of consent, the burden of proving this fact, being peculiarly within the knowledge of the defendant, is to be proved by him, then he ought to be apprised of the name of the deceased person he is charged with disinterring, in order that he might prepare himself with proof of consent, if such be his defense. So, in either event, it occurs to us that the name of the deceased person is a necessary averment in the indictment under this statute.

Appellant's counsel strongly insists that the proof is not sufficient, and that the statute itself is defective in failing to define the offense, and urges us to construe said statute. He maintains that the statute requires the entire body to be disinterred. By disinterment he contends that the statute means that the body, and the whole thereof, should be removed from the grave. He insists that the proof only shows that the grave was uncovered, and only the head displaced and taken therefrom, and that this would not be an offense under the statute; because disinterring does not mean simply uncovering the grave, but includes removing the body therefrom, and that the removal of a part of the body is

not sufficient—that the whole body must be taken from the grave. While it is not necessary to decide the question, the writer is inclined to believe that appellant's contentions in regard to this statute are correct, and I would respectfully suggest to the Legislature that a comprehensive and definite statute on this subject is required, inasmuch as the statute we now have is indefinite and uncertain in its terms. Such a statute should only authorize disinterment with the consent of the nearest relative or relatives of the deceased person, or in the interest of public justice in case an autopsy should be demanded, and in such case the exhumation should be authorized by some court. For the statutes on this subject in the various States, see note in vol. 2, Archbold, Crim. Prac. and Plead., under "Offenses Relating to Dead Bodies," and see art. 1024, Code Crim. Proc.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*