PHILLIP BRYAN v. THE STATE.

No. 3918.   Decided June 10, 1908.

**Bigamy—Indictment—Former Marriage.**

In a prosecution for bigamy the name of the former wife or husband and enough of the former marriage should be alleged and proved, and an indictment which alleged that the defendant had a lawful former wife then living was insufficient. Following McAfee v. State, 38 Texas Crim. Rep., 124; Vinsant v. State, 42 Texas Crim. Rep., 413.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by indictment in the District Court of Dallas County, Texas, with the offense of bigamy. On trial he was convicted and his punishment assessed at confinement in the penitentiary for a term of two years.

There are many questions raised on the appeal, but in view of the fact that we believe, and hold that the indictment is fatally defective, it becomes unnecessary, if not improper, to discuss them. The charging part of the indictment is as follows: "That one Phillip Bryan on the 22nd day of November, in the year of our Lord Nineteen Hundred and Seven, with force and arms, in the county and State aforesaid did unlawfully marry Minnie Robison, he, the said Phillip Bryan then and there having a lawful former wife then living." Practically this identical form of indictment was held invalid in the case of McAfee v. State, 38 Texas Crim. Rep., 124. The indictment considered there was as follows: "That one Mrs. Celeste McAfee, in the County of Tarrant and State of Texas, on the 10th day of February, 1897, did unlawfully marry Carl Beaumon, she, the said Mrs. Celeste McAfee, then and there having a husband then living." The validity of this indictment was exhaustively treated in the opinion rendered in that case by Judge Henderson in the course of which he says: "We are not aware that the question raised in this case has been before this court, but it has been held that a prosecution for unlawful marriage can be sustained only by allegation and proof of a former valid marriage and a subsequent marriage, the former legal husband or wife being still living. See Hull v. State, 7 Texas Crim. App., 593, and Dumas v. State, 14 Texas Crim. App., 464. The Constitution and our Code of Criminal Procedure provide that all indictments shall contain the nature and cause of the accusation against the accused. And it has been held that, unless the statute contain in its phraseology all of the essential elements of the offense, it is not sufficient merely to follow the language of the statute. In this case, however, the indictment does not even follow the language of the statute. The statute has the words 'former wife or husband living,' etc. The indictment here presented does not even allege that Mrs. Celeste McAfee had a former husband living, but, after charging her marriage with Carl Beaumon, proceeds to state, 'she then and there having a husband then living.' It would be entirely consistent with this indictment if this language be construed to refer to Carl Beaumon; for, the moment she married him, she then and there had a husband then living. No intendments should be indulged to help out a failure to allege essential matter in the indictment, but these must be charged. The English authorities, and some of our American States, require indictments for this offense to set out with particularity the time and place of the first marriage, and to whom. 3 Chit. Cr. Law, 719, and note; Bish. St. Crimes, sec. 601; State v. Labore, 26 Vt., 765. Mr. Bishop on this subject states the better rule to be as follows: 'The first marriage is

practically one half of the case, and is often the most nice and delicate part. Commonly it can be proved only by exhibiting the particulars. And in reason, under a Constitution declaring, as some of ours do, that 'no subject shall be held to answer for any crime or offense until the same is fully and plainly, substantially and formally, described to him,' there is fair ground for rejecting a mere general allegation of half of the case, as not complying with this requirement, and for holding the meaning to be that what is special to the particular instance, in distinction from the crime in general, must be set out.' See Bish. St. Crimes, sec. 602. It is true, the first marriage is not criminal. Its existence, however, is a condition which makes the second marriage a crime. It is a fact that must be proved, and certainly enough of the former marriage must be alleged to admit this proof. In a Kentucky case (Davis v. Com., 13 Bush., 318) this question came up on an indictment almost similar in terms to the one before us, the indictment being as follows: 'That Eliza A. Davis on the —— day of May, 1877, in the county and State aforesaid, and before this indictment, having a husband then living, unlawfully married John Mackey, against the peace and commonwealth of Kentucky.' The statute in that State is substantially similar to ours. The court, in speaking of their statute, uses this language: 'These provisions are to be construed in the light and according to the principles of the rule that where the words of the statute are descriptive of the offense the indictment will be sufficient if it shall follow the language and expressly charge the described offense on the defendant. But this rule applies only to offenses which are complete in themselves, when the acts set out in the statute have been done or performed. Such is not the case in the crime of bigamy or polygamy. The second marriage, which is the inhibited act, is not in itself necessarily criminal. The criminality depends upon the collateral or extrinsic facts that a former marriage has taken place, and that the first husband or wife is alive at the time of the alleged polygamous marriage. Therefore the statute in question is not in itself completely descriptive of the offense, and the rule in question is not applicable to it. In all cases the indictment must set forth the offense charged with such a degree of certainty as will apprise the defendant of the nature of the peculiar accusation on which he is to be tried. Mount v. Com., 1 Duv., 90; Com. v. White, 18 B. Mon., 493; and Com. v. Perrige, 3 Metc. (Mass.), 5. And every traversable fact must be alleged. State v. Labore, 26 Vt., 765. 'The indictment against Mrs. Davis does not set out the fact of the supposed first marriage. It does charge that she had a husband living at the time of her marriage to John Mackey, and from this averment of a conclusion of law, rather than of fact, it may be inferred she had been married to that husband. But such indirect pleading would not be good in a civil cause. The appellant had the right to be informed by the indictment of the name of the person to whom the prosecution expected to prove she had been first married, and the State or county in which such alleged marriage took place. The

indictment, as drafted, made it necessary that she should stand prepared to rebut such proof as the commonwealth might make as to her former marriage to any and every man, and in any and all countries. Tried by each and all the rules of pleading to which we have called attention, the indictment is insufficient.' And see Prichard v. People, 149 Ill., 50; 36 N. E. Rep., 103; Sauser v. People, 8 Hun., 302; Moore v. Com., 6 Metc. (Mass.), 243. Now, we do not hold that it is necessary to allege with particularity the place of such former marriage, or by whom said former marriage was celebrated; but we do hold that, in order to be sufficient, an indictment should distinctly aver a former marriage. It should allege the name of such former wife or husband, and the subsequent marriage on which the prosecution is based; that is, enough of the former marriage should be stated to apprise the defendant in general terms of the proof which will be adduced by the State to establish the same. So far as the case of Watson v. State, 13 Texas Crim. App., 76, is in conflict with this opinion, same is overruled." The McAfee case was reaffirmed by Judge Davidson in the case of Visant v. State, 42 Texas Crim. Rep., 413; 60 S. W. Rep., 550. In the last named case, Judge Davidson says:

"The charging part of the indictment is as follows: That appellant 'did then and there unlawfully marry Martha H. Woodard, the said J. R. Visant then and there having a former wife then living.' With the exception of using the word 'former' this indictment is identical with that in McAfee v. State, 38 Texas Crim. Rep., 124; 41 S. W. Rep., 627. It was there held that, in order to constitute a sufficient indictment in this character of case, it should allege the name of the former wife or husband, and the subsequent marriage on which the prosecution is based; that is, enough of the former marriage should be stated to apprise defendant in general terms of the proof which would be adduced by the State to establish the same." The rule here announced is in conformity with the form approved and laid down by Mr. Bishop in his work on Directions and Forms, C. 862. Under these authorities the indictment is clearly fatally defective and it, therefore, results that the judgment of conviction must be reversed and the cause dismissed and it is so ordered.

*Reversed and dismissed.*