HENTON v. STATE. (No. 5184.)

(Court of Criminal Appeals of Texas. Feb. 19, 1919.)

1. CRIMINAL LAW ⬤⟲1099(6) — APPEAL — STATEMENT OF FACTS FILED LATE.

Statement of facts, filed in clerk's office after expiration of time allowed by court for preparing and filing statement of facts and bill of exceptions, cannot be considered by Court of Criminal Appeals, where record contains no order extending time for filing.

2. BIGAMY ⬤⟲4 — INDICTMENT — SUFFICIENCY.

Indictment for bigamy, charging that defendant unlawfully married a woman (naming her), when having a lawful former wife then living (naming her by her maiden name and her name after marriage to defendant), to whom he had theretofore been lawfully married, held sufficient.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Wise Henton was convicted of bigamy, and appeals. Affirmed.

Fitzgerald & Ramey and J. A. Bulloch, all of Tyler, for appellant.

E. A. Berry, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Smith county of the offense of bigamy, and in a proper manner he brings the case to this court for revision.

[1] From the record it appears that appellant's motion was overruled on June 10, 1918, and an order then made by the trial court granting 60 days "from this date in which to prepare and file a statement of facts and bill of exceptions." We find no order extending such time in the record. The statement of facts was filed in the clerk's office at Tyler on August 17th, which was after the expiration of the time allowed by the court, hence same cannot be considered by us.

[2] The special charges asked by appellant seem to be covered by the main charge, and but one point is presented for our serious consideration, and that is the sufficiency of the indictment, which was questioned by a motion to quash and a motion in arrest of judgment. The charging part of the indictment is as follows:

"That one Wise Henton did then and there unlawfully marry Bessie Scott, he, the said Wise Henton, then and there having a lawful former wife then living, to wit, Florence Henton, née Florence Bullock, to whom he had theretofore been lawfully married."

The statute defining bigamy is as follows:

"If any person who has a former wife or husband living shall marry another in this state, such person shall be punished by imprisonment in the state penitentiary for a term not less than two nor more than five years."

Under this statute it is only necessary to allege that at the time of the marriage of the accused to Bessie Scott in Smith county, Tex., he had a former spouse then living, in order to bring the allegations within the terms of the statute; but it has been held necessary, as a matter of pleading and in order to make the indictment full and specific, that it should allege the name of the former spouse, if known, as well as that of the person with whom the illegal marriage is contracted. In the McAfee Case, 38 Tex. Cr. R. 127, 41 S. W. 627, the indictment charged the accused with unlawfully marrying C. B., "she then and there having a husband then living." Judge Henderson in that case held that the indictment did not come up to the statute, in that it did not allege that the accused had a former husband then living—further holding that it would be entirely consistent to contend that C. B. came within the language of the indictment, "then and there having a husband then living," and that there was nothing

in the indictment to show that the "husband then living" was other than C. B. The name of the former spouse of the accused was not in the indictment, and the court held the indictment bad.

In Vinsant's Case, 42 Tex. Cr. R. 413, 60 S. W. 550, the indictment followed the language of the statute almost literally, except that it did not name the party who was Vinsant's former wife, and the court, citing only the McAfee Case, held the indictment bad.

In the Nichelson Case, 53 Tex. Cr. R. 631, 111 S. W. 414, the indictment charged that Nichelson did unlawfully marry Ida Ammacher, he, the said Nichelson, then and there having a former living and lawful wife, to wit, Mary Nichelson. This conviction was affirmed; the court holding the indictment sufficient, though the direct point of attack was different from the point here under immediate consideration.

In the Bryan Case, 54 Tex. Cr. R. 18, 111 S. W. 744, the indictment charged the accused with marrying Minnie Robinson, he then and there having a lawful former wife then living, but the former wife was not named in the indictment. The opinion in the Bryan Case quotes several pages of the opinion in the McAfee Case, cites the Vinsant Case, and holds the indictment insufficient.

It will be observed that the name of the former wife was left out of each of the indictments held insufficient, and in the only indictment considered by this court in which the name of the former wife was alleged—that is, Nichelson's Case—the indictment was upheld.

In the Morville Case, 63 Tex. Cr. R. 555, 141 S. W. 102, this court, through the Presiding Judge, upheld the indictment, which, in our opinion, charges the same thing in law as the indictment in the present case. There is a great deal of verbiage in the Morville Case, but in the opinion of the writer that portion of said indictment which charges "that the said * * * Morville, at the time of his said marriage with Jessie Osteen, had theretofore been, and was then and there, lawfully married to said Theresa Morville, and at the time of the said marriage with said Jessie Osteen the said Theresa * * * was then and there living," charges no more, with all its useless verbiage, than does the simple statement that Morville unlawfully married Jessie Osteen, he then and there having a lawful former wife, to wit, Theresa, then living.

Judge Henderson, in the Burton Case, 51 Tex. Cr. R. 198, 101 S. W. 227, says that the word "former" in this statute designates a wife had prior to the one then being married, and certainly, if the indictment in the instant case alleges that Wise Henton unlawfully married Bessie Scott, he then and there having a living former wife, to wit, Florence Henton, then living, the indictment charges all that is necessary. It is not within the objections made in the McAfee Case, the Bryan Case, or the Vinsant Case, above cited, but, on the contrary, charges every statutory ingredient of bigamy, and fully apprises the appellant of the person who is claimed to be his lawful former wife then living.

In our opinion the indictment is sufficient, and, there being no further errors in the record, the judgment of the lower court will be affirmed.