SAMUEL BUSBY v. THE STATE.

No. 6159. Decided April 27, 1921.

1.—Bigamy—Mistake of Fact—Attorney and Client—Original Testimony—Hearsay.

Where, upon trial of bigamy, the defense relied upon and submitted to the jury was a mistake of fact, the court committed reversible error in the

instant case in not admitting in evidence that prior to the marriage, the bigamous wife told the defendant that she had had a conversation with the attorney whom defendant had employed to bring suit for divorce against his first wife, and that said attorney told her that the divorce had been granted. Following Watson v. State, 13 Texas Crim. App., 82.

**2.—Same—Evidence—Living With Bigamous Wife.**

The fact that the defendant did not live with the bigamous wife, after he learned of his mistake as to the divorce, was not material. Following Burks v. State, 50 Texas Crim. Rep., 47.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The appellant was convicted of bigamy. He first married Gracie Leona Rogers and later married Ollie Gibson.

The defense relied upon and submitted to the jury was a mistake of fact.

Appellant claimed and testified that at the time of the second marriage he believed that a decree of divorce had been entered dissolving the former marriage. He sought, by certain proof made and by certain evidence offered and excluded, to show the ground for this belief; that his mistake of fact did not arise from a want of proper care. He had brought suit against his wife for a divorce and there was evidence that his sister had received a letter from his first wife, the contents of which letter were made known to him and in which the statement was made that she was divorced, that she was glad to be free and that she did not want any longer to be called by the name of Grace Busby.

Appellant offered to prove by the bigamous wife that prior to the marriage, she had related to the appellant that she had had a conversation with one Hooker, a lawyer, whom appellant had employed to bring suit for divorce and that Hooker had told her that the divorce had been granted. This appears to have been rejected as hearsay. As to establishing what the witness related to the appellant, it was improperly excluded under the hearsay rule. It was original testimony going to show the information upon which the appellant acted in entering into the second marriage.

Our statute, Articles 46 and 47 of the Penal Code, make a mistake of fact a defense when the mistake does not arise from the want of proper care.

"Whenever it is material to ascertain the condition of a party's mind at a particular time, statements made to him which account for his attitude are not excluded because they are hearsay." (Wharton's Crim. Evidence, Vol. 1, Sec. 257).

It was material in the instant case to determine the state of the appellant's mind; that is, whether at the time he entered into the bigamous marriage he was under the mistaken belief that his first wife had been divorced from him, and whether in acting upon the mistake of fact he used proper care was a matter which the jury was called upon to determine from the evidence before them. As said by Judge Wilson, in Watson v. State, 13 Texas Crim. App., 82:

"The question as to proper care, we think, depends upon the facts in each particular case. No general rule can be prescribed in relation to it. What would be proper care in one case might be gross negligence in another. What would be proper care when considered with reference to one individual might not be when applied to another."

The statute declares that the mistake must not arise from a want of proper care *on the part of the person committing the offense.* (Art. 47, Penal Code). In the instant case the person committing the offense was a negro about twenty-two years of age. He appeared and testified before the jury. It was within their province to weigh the evidence in connection with their knowledge of the appellant, gathered from his appearance and demeanor in giving his testimony; and it was clearly his right to have before them the testimony of the bigamous wife that she had reported to him that his lawyer had told her that a divorce had been granted. The weight that the jury would have given to this testimony or the credit they would accord the witness are not for this court or the trial court to determine. In view of the other facts in the case, they might have determined the issue of mistake against him, but this evidence was clearly admissible and material upon a vital issue in the case, and its exclusion, was, in our judgment, error which must result in a reversal of the judgment.

The fact that the appellant did not live with the bigamous wife after he learned of his mistake as to the divorce, was not material. Burks v. State, 50 Texas Crim. Rep., 47.

For the error pointed out we are constrained to order a reversal of the judgment.

*Reversed and remanded.*