## ANCIL BROWN v. THE STATE.

No. 13256.  Delivered April 16, 1930.
Rehearing denied May 28, 1930.
Reported in 28 S. W. (2d) 143.

The opinion states the case.

*O. M. Herring* of Palo Pinto, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is bigamy; the punishment, confinement in the penitentiary for two years.

582

Omitting the formal parts, the indictment charges that—

"Ancil Brown did then and there unlawfully marry Francis Stricklend, the said Ancil Brown then and there having a former wife, to-wit, Ruby Brown then living, and he, the said Ancil Brown, had theretofore, to-wit, on the 3rd of January, A. D. 1925, lawfully married to said Ruby Brown."

Appellant moved to quash the indictment on the ground that it was not alleged therein that at the time he married Francis Stricklend he had a former wife then living to whom he was then legally married. We are of the opinion the motion was properly overruled. The indictment follows the form laid down in Willson's Texas Criminal Forms, Fourth Edition. See Form 246. The form contained in the Fourth Edition takes the place of Form No. 207 in the original work, as said latter form had been held to be defective in the case of McAfee v. State, 38 Tex. Cr. R. 127, 41 S. W. 627, and Vinsant v. State, 42 Tex. Cr. R. 413, 60 S. W. 550. It is averred in the indictment that appellant at the time of contracting the bigamous marriage had a former wife, to-wit, Ruby Brown, then living. It is further averred that appellant had theretofore, on the third of January, 1925, lawfully married the said Ruby Brown. In Burton v. State, 51 Tex. Cr. R. 198, 101 S. W. 227, it was held that the word "former" in the statute designates a wife had prior to the one then being married. We quote the language of Judge Lattimore in Henton v. State, 209 S. W. 409, as follows:

"Judge Henderson in the Burton Case, 51 Tex. Cr. R. 198, 101 S. W. 227 says that the word 'former' in this statute designates a wife had prior to the one then being married, and certainly, if the indictment in the instant case alleges that Wise Henton unlawfully married Bessie Scott, he then and there having a living former wife, to-wit, Florence Henton, then living, the indictment charges all that is necessary. It is not within the objections made in the McAfee Case, the Bryan Case or the Vinsant Case above cited, but, on the contrary, charges every statutory ingredient of bigamy, and fully apprises the appellant of the person who is claimed to be his lawful former wife then living."

It was uncontroverted that appellant's former wife, Ruby Brown, was living and that she was appellant's lawful wife at the time he contracted the bigamous marriage. Appellant admitted such fact, but declared that he believed at the time he married Francis Stricklend that his former wife had secured a divorce from him. He testified that he left his former wife because of a quarrel they had

had; that as he was leaving her, she advised him that she had already secured a divorce from him.

Appellant has several bills of exception relating to the reception in evidence of the marriage license issued to him and his former wife, the objection being that said marriage license had not been filed in the papers of the cause three full days prior to the trial and notice of said filing given as required by statute. We find nothing in the bills of exception to support appellant's objection. Hence the bill is insufficient to manifest error. Buchanan v. State, 298 S. W. 569. If the marriage license was improperly received in evidence, it is observed that appellant testified that he had married Ruby Brown prior to the time he married Francis Stricklend.

Appellant timely and properly requested the court to charge the jury to acquit him if they believed from the evidence that he had been informed by his former wife that she had secured a divorce from him and that he believed such information to be true. The court instructed the jury to acquit appellant if they believed from the evidence that appellant had been informed by his former wife that she had secured a divorce from him, and that he believed such information to be true, and that such belief did not arise from a want of proper care on appellant's part. The doctrine of reasonable doubt was applied to this charge. We are of the opinion that the charge given by the court covered appellant's affirmative defense, and that the charge sought by appellant was defective in failing to embrace an instruction to the effect that the mistake of fact under which appellant was laboring must not be the result of want of proper care on the part of appellant. Art. 41, P. C.; Adams v. State, 252 S. W. 537; Adams v. State, 7 S. W. (2d) 528.

We have carefully examined every contention made by appellant and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The appellant's defense, namely, a mistake of fact growing out of his acting upon the information that his wife had secured a divorce was in a proper manner treated by the court in its charge. The jury was well warranted in con-

584

cluding that the appellant did not use proper care in ascertaining whether his wife had in fact procured a divorce. See Underhill's Cr. Ev., 3rd Ed., p. 835, sec. 598; Tex. Jur., Vol. 6, p. 560, sec. 14, notes; Busby v. State, 89 Tex. Cr. R. 213.

The bills of exception to which reference is made in the motion have been examined. The opinion is expressed that the proper disposition of the case was made upon the original hearing.

The motion is overruled.

*Overruled.*