### JOEL B. CRAIN V. THE STATE.

In an indictment for playing cards, it is sufficient for the State to charge and prove that the defendant played a game of cards, on which money was bet, at an out-house where people resort (or other place mentioned in the Statute) in the county, at any time within twelve months previous to the finding of the indictment.

Where the State has proved one act of card playing, within the period of twelve months, the defendant will not be permitted to show that the particular playing so proved, is not the same playing upon proof of which the indictment was found.

Appeal from Rusk.   The indictment charged that the defendant " did play at a certain game with cards, upon which " money was bet, in a certain out-house where people resort, " then and there situate, contrary," &c.

After the State had proved a playing as alleged, the defendant offered to prove that the playing proved was not the same playing upon proof of which the indictment was found, and that there was then pending in the same Court another indictment against defendant, for the playing now proved ; but the Court refused to permit such proof to be made.

The Court instructed the jury as follows :   If the jury are satisfied from the evidence, that the State has proved that defendant has played a game of cards upon which money was bet, at an out-house where people resort, situated in said county, at

any time within twelve months previous to the finding of the indictment in this case, they should find the defendant guilty.

*Bowden & Chilton*, for appellant. The only question in this case is, can the defendant, after the State has proved one act of card playing within the period of twelve months, be allowed to show that the particular playing, so proved, is not the offence for which he is on trial, but a separate and distinct act, for which he is, or may be, separately indicted and convicted? In other words, can the State, in gaming cases, convict for one offence on the proof of another, of similar character, committed at a different time? No such principle is to be found among the general rules of evidence, and our Statutes do not sanction it.

It is admitted that it is sufficient for the State to prove a playing at any time within the statutory bar; but this admission does not touch, far less take away, the right of the defendant to go into the question of time and circumstance, with a view to identifying the particular playing proved, and presenting any matter of defence that might be available. A party must be indicted before he is tried; but in this case the defendant has been found guilty of an offence, or supposed offence, of which, it is clear, the witness knew nothing, and for which it did not appear that he was indicted, at least in this proceeding.

When the defendant pleads a former conviction, it is the constant practice of the State to avoid the effect of the plea by proving that the offences are separate and distinct. The same latitude should be allowed defendant.

Time need not generally be proved precisely as laid, but when the date of any fact is necessary to ascertain and determine, with precision, the offence charged, or the matter alleged in excuse or justification, then time and circumstances become material, and may be proved by the State or the defendant. These principles are laid down in 1 Arch. Cr. Pl. 119–1 and 119–2,

note 2. If it be held that the defendant is not allowed to go into time and identity, as to the offence charged, then a single conviction for card playing should operate as a bar for all previous playing. The consequence of such a principle demonstrates its absurdity.

*Attorney General*, for appellee. The generality of the allegations and proof of this offence, authorized by Art. 1475 of the Digest, was evidently designed to meet and repel this very exception. (Sublett v. The State, 9 Tex. R. 53 ; Wilson v. The State 5 Id. 21 ; The State v. Ake, 9 Id. 322.)

The rules here laid down, and those furnished by the Section of the Gaming Act of 1848, (Hart Dig. Art. 1475,) authorized the government counsel to insist that as the State was not bound to identify the particular playing in question, either in pleading or in proof, the defendant had no right to hold her as having meant to proceed for a particular playing, and to raise an issue with her as to the identity of that playing, unless it had been in support of the plea or suggestion of *autre fois acquit*, or *convict*, which was not the attempt here, as the record offered was of a pending case. To prove a playing at cards, at the place charged, in the county, within twelve months, has long been held sufficient to convict under this Statute.

WHEELER, J. There is no authority or precedent which would have warranted the admission of the evidence, sought to be introduced on behalf of the defendant in this case. Upon no principle was it admissible, on a trial upon the plea of not guilty, to go into the question, upon what evidence the Grand Jury found the indictment. The issue upon that plea was, guilty or not guilty of the offence as charged in that indictment. The evidence proposed was not only wholly foreign to the issue ; but it was proposed to institute an inquiry into the proceedings of the Grand Jury, as unwarranted as it would have been novel and unprecedented. The indictment itself afforded the best, and the only evidence which could be received, of the

action of the Grand Jury in the premises. "No person, for the same offence, shall be twice put in jeopardy of life or limb; " nor shall a person be again put upon trial for the same offence, " after a verdict of not guilty." (Bill of Rights, Sec. 12.) But it was not proposed to show, nor was it pretended, that the defendant was put upon his trial a second time for the same offence. Had that been attempted, his very able and ingenious counsel would not have been at a loss to find appropriate legal means to avert such a consequence. There manifestly was no error in the ruling of the Court in excluding the proposed evidence; or in the instruction given by the Court to the jury. The judgment is affirmed.

Judgment affirmed.