### John Byrd v. The State.

No. 3633. Decided May 13. 1908.

**1.—Local Option—Charge of Court—Sale.**

Where upon trial of a violation of the local option law the requested charge was covered by the main charge on the subject of the definition of a sale, there was no error in refusing the same.

**2.—Same—Charge of Court—Question of Fact.**

Upon trial of a violation of the local option law there was no error in refusing a requested charge as to how defendant and the prosecuting witness understood the transaction between them with reference to the sale of the whisky. This was a question of fact for the jury.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*S. C. Coffee,* Attorney for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This conviction was for violating the local option law, the punishment assessed being a fine of $100 and sixty days imprisonment in the county jail.

In the main charge we find the following definition of a sale:

"By the term sale is meant an exchange of property either real or personal for a price in money. Three things are necessary to its validity, first, the thing sold, which is the object of the contract; second, the consideration paid or to be paid, and, third, the consent of the contracting parties. You are instructed that it is not a violation of the local option law for a person to give away whisky in a prohibition county." Appellant insists that the main charge is not full enough, and asked the court to give the following special charge, which was refused: "Gentlemen of the jury: You are instructed that it is not a violation of the local option law for a person to give away whisky in a prohibition county. You are further instructed that before a sale of any article can be made the mind of the parties to the sale must meet and agree on all the material points of the sale. You are therefore instructed that before you can convict this defendant in this case, you must find from the evidence in this case beyond a reasonable doubt that the minds of the witness Ed Lewis and this defendant must have met and agreed on the proposition that the pint of whisky testified to by said witness, Lewis, was delivered by defendant to said witness Lewis as a part of the quart of whisky ordered by said Lewis at said time and was so understood and considered by both said Lewis and this defendant at the very time the pint of whisky was delivered, and if you have a reasonable doubt as to this you will find the defendant not guilty." The latter clause of the charge as to how appellant and the prosecuting witness understood the transaction is not a correct proposition of law. It is the duty of the witnesses to tell the facts, and the jury to determine whether the transaction was a sale or a gift. To this extent the special charge requested was error, and, therefore, the court did not err in refusing it. The balance of the charge was aptly covered by the court's main charge as indicated above.

The local option law is in all respects correct, and hence we do not deem it necessary to pass on the other questions raised in this record. For a discussion of the validity of the law in Brown County, see Harryman v. State, decided this day.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled, December 9, 1908.—Reporter.]