### EARNEST E. EDWARDS v. THE STATE.

#### No. 3063. Decided April 22, 1914.

#### 1.—Bigamy—Indictment—Grand Jury.

Courts will not inquire into the character of testimony nor the quantum of proof before the grand jury, and where the motion to quash the indictment was

on the ground that the first wife of defendant was permitted to testify before the grand jury, upon trial of bigamy, the motion was correctly overruled. Following Dockery v. State, 35 Texas Crim. Rep., 487, and other cases.

### 2.—Same—Indictment.

Where, upon trial of bigamy, the defendant was sufficiently informed by the allegations in the indictment of the offense for which he must stand trial, the same was sufficient. Following McAfee v. State, 38 Texas Crim. Rep., 124, and other cases.

### 3.—Same—Evidence—Marriage License—Proof of Marriage.

Upon trial of bigamy, there was no error in introducing in evidence the original marriage license between defendant and his first wife, the same having been properly filed and recorded, and also filed with the papers in the case; besides, the marriage was proved by other evidence.

### 4.—Same—Evidence—Marriage License—Husband and Wife—Cross-examination.

Where, upon trial of bigamy, the State introduced the marriage license and return thereof showing that defendant was married to his alleged second wife, etc., and defendant introduced his said second wife to show that the officials had not performed the said marriage ceremony as alleged, there was no error in permitting the State, on cross-examination, to bring out all the facts by the said alleged wife and show that she was married by the said official.

### 5.—Same—Charge of Court—Objections.

Under the law as now existing, objections to the charge of court must be made in writing at the time of the trial, and where these objections were not well founded, as being on the weight of the evidence, there was no error.

### 6.—Same—Requested Charges—Practice.

Objections to the charge of the court must be made at the time it is submitted to counsel and complaint can no longer be made for the first time in the motion for new trial. However, where the issues presented in the requested charge as to the divorce from the first wife were not raised by the evidence, there was no error in refusing same.

Appeal from the District Court of Dickens. Tried below before the Hon. Jo. A. P. Dickson.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Woodruff, Christian & Woodruff,* for appellant.—On question of insufficiency of indictment: Thomas v. State, 14 Texas Crim. App., 70; Boyd v. State, 33 Texas Crim. Rep., 470; Knapp v. State, 54 id., 633; Bryan v. State, 55 Texas Crim. Rep., 136.

On question of introduction of marriage license in evidence: Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119.

On question of cross-examination of wife: Richards v. State, 53 Texas Crim. Rep., 400, 110 S. W. Rep., 432; Hoover v. State, 33 S. W. Rep., 337, and cases supra.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of sufficiency of indictment and testimony before grand jury: Buchanan v. State, 41 Texas Crim. Rep., 127, and cases cited in opinion.

HARPER, JUDGE.—Appellant was prosecuted and convicted of big-amy, his punishment being assessed at two years confinement in the peni-tentiary.

In the first bill of exceptions it is shown that appellant moved to quash the indictment on the ground that Mrs. Nora Edwards, who was alleged to be the first wife of defendant, was permitted to testify before the grand jury. It has been so often held that the courts will not in-quire into the character of testimony, nor the quantum of proof had before the grand jury, we do not deem it necessary to discuss this ques-tion. Morrison v. State, 41 Texas, 516; Dockery v. State, 35 Texas Crim. Rep., 487; Chapman v. State, 49 S. W. Rep., 587; Buchanan v. State, 52 S. W. Rep., 769; Crain v. State, 14 Texas, 634; Terry v. State, 15 Texas Crim. App., 66; Jacobs v. State, 35 Texas Crim. Rep., 410; Kingsbury v. State, 37 Texas Crim. Rep., 259; Choice v. State, 114 S. W. Rep., 135. In these cases, especially in the cases of Dockery and Buchanan, supra, the very question here presented is passed upon. That the indictment in this case was sufficient to charge the offense, and not subject to any of the objections urged by appellant, is shown by the de-cisions of this court in the following cases: Esser v. State, 66 S. W. Rep., 776; May v. State, 4 Texas Crim. App., 424; Bryan v. State, 54 Texas Crim. Rep., 18; Vinsant v. State, 42 Texas Crim. Rep., 413; Mc-Afee v. State, 38 Texas Crim. Rep., 124. The insistence of appellant that these cases should be overruled can not be sustained, for appellant by the indictment is sufficiently informed of the offense for which he must stand trial.

The next objection of appellant, as shown by bill of exceptions No. 2, is to the introduction of the marriage license, and return thereon, wherein it is shown that appellant on the 1st day of February, 1906, was married to Miss Nora Youngblood—his first wife. The license in-troduced in evidence was the original license, with the return thereon. It shows that appellant was married to Miss Youngblood on February 1, 1906, by G. W. Goin, M. G., and had been returned to the county clerk and duly recorded on the 16th day of February, 1906. It had been filed with the papers in the case, and appellant served with a copy thereof at the previous term of the court. The court did not err in admitting the original license and return thereon in evidence under the facts in this case, as it had been duly filed and recorded in the office of the county clerk in accordance with the provisions of law. In addition to this, this marriage of appellant was amply proven by a brother of his first wife, who witnessed the ceremony.

The State also introduced the marriage license and the return thereon showing that appellant was married to Miss Hattie Green on the 8th day of August, 1908, W. C. Ballard, county judge, performing the ceremony. Judge Ballard was dead at the time of this trial, but the county clerk and Misses Willie Ballard and Lois Jay testified to the issuance of the license, and the second marriage. Appellant then introduced his second wife, nee Miss Hattie Green, who at his instance testified: "My name is

Mrs. Earnest E. Edwards; this defendant, Earnest E. Edwards, is my husband. I will state that on or about the 8th day of August, 1908, in Dickens County, Texas, or at any other time W. C. Ballard as county judge of Dickens County, Texas, did not perform a marriage ceremony between myself and my husband Earnest E. Edwards." The State on cross-examination was permitted to elicit the following testimony from her: "Mr. Edwards and I have lived together as husband and wife since Saturday, this last Saturday. I have two children by Mr. Edwards, they are something over two years old, both of them are living. I only have two by him and they are both the same age, they are twins. There is no children dead. I think we were living in Fort Worth when this first child was born, I do not remember the year. I only have two children and they are twins. I think I was here in Dickens, August 8, 1908, with Earnest E. Edwards, and I occupied the same room with him that night at the hotel; but we were not joined in marriage that night by Judge Ballard, but I did occupy the same room with him. I occupied the same room with him when I was not married because it suited me. I do not remember how long we lived together after that, nor do I remember the places. Mr. Edwards showed me some license that evening. In think the ones he got here for me and him to marry, then I went with him to Judge Ballard's. He showed me some license for us to marry, and we went to Judge Ballard's, and he came out, but he did not perform the ceremony for me and him, it was performed last Saturday at Haskell, Texas. He did not use those marriage license I saw here at all. I did go with him over to Judge Ballard's, and went to get married, and the reason we did not get married he said there was not any witnesses present and he could not legally marry us. The folks at his home that night were all in bed. The marriage ceremony was not performed that night, there was no marriage ceremony between us until last Saturday. We got the license at Haskell, Texas, and as well as I remember the county judge married us, but I have forgotten his name. Before I was married to Mr. Edwards my name was Hattie Green. After we left here that morning we went to my sister's after that some time. While I was there at my sister's in Stonewall County it seems like I did see the sheriff of Stonewall County; at that time I do not remember telling him that in Dickens County, or Dickens, I had been married to Mr. Edwards and that Judge Ballard married us." This was legitimate cross-examination on the issue of whether or not she was married to appellant by Judge Ballard on August 8, 1908, and the court did not err in so holding.

This case was tried in December, 1913, after the law requiring that objections shall be made in writing to the charge at the time of the trial had become effective. The charge was submitted to appellant and his counsel before being read to the jury, and the only objections made to it are as follows: "That said former marriage of the said Earnest E. Edwards to the said Nora Youngblood had been lawful in Knox County, Texas, on the 1st day of February, A. D. 1906, as alleged. 'For

the reason that said paragraph of said charge, and in that part of said paragraph of said charge as hereinafter quoted, and the court assumed and virtually told the jury that the defendant, Earnest E. Edwards, married Nora Youngblood in Knox County, Texas, on the 1st day of February, 1906, and that he instructed said jury in effect that if they believed the marriage was lawful that they should find the defendant guilty as alleged in the indictment. Defendant further excepts to said paragraph of said charge of the court, because it is upon the weight of the evidence, and in effect tells the jury that defendant was married to Nora Youngblood in Knox County, Texas, on the 1st day of February, 1906, which fact the State had not proven, and the court's reference thereto is calculated to lead the jury to believe that in the court's mind said marriage had been proven.'" The charge is not subject to this criticism, for the court instructed the jury that: "If you find and believe from the evidence beyond a reasonable doubt that the defendant, Earnest E. Edwards, on or about the 8th day of August, A. D. 1908, in the County of Dickens and State of Texas, did marry Hattie Green, and the said defendant, Earnest E. Edwards, then and there had a former wife, towit: Nora Edwards, formerly Nora Youngblood, before her alleged marriage to the said Earnest E. Edwards, and that she, the said alleged former wife, was then and there living at the time of the alleged marriage of the said Earnest E. Edwards to the said Hattie Green, and that said former marriage of the said Earnest E. Edwards to the said Nora Youngblood had been lawfully solemnized in Knox County, Texas, on the 1st day of February, A. D. 1906, as alleged, you will find the defendant, Earnest E. Edwards, guilty as alleged in the indictment, and assess his punishment at confinement in the penitentiary for not less than two nor more than five years."

While in the motion for a new trial appellant complains of the charge in other respects, and of the failure of the court to give some special charges requested, the law as written for the government of this court provides that objections to the charge must be made at the time it is submitted to counsel, and complaint can no longer be made for the first time in the motion for new trial. However, we are of the opinion that the charge as given is not subject to the criticisms of appellant. While it is true, that the special charges requested submitted an issue not included in the court's charge, that is, if appellant had been divorced from his first wife at the time of his marriage to Hattie Green, he would be guilty of no offense. This is the law, and if the evidence had called for a submission of that issue it would have been error not to do so. The evidence shows that he married Hattie Green August 8, 1908, while the divorce proceedings were not instituted by his first wife until in the year, 1913, between four and five years after he was married to the second wife by Judge Ballard, if he married them, and under such circumstances no such charge was called for by the evidence.

The judgment is affirmed.                    *Affirmed.*

Davidson, Judge, absent at consultation.