## Ed Hollingsworth v. The State.

### No. 7652.   Decided April 18, 1923.

**1.—Transporting Intoxicating Liquor—Misconduct of Jury.**

Where, upon trial of unlawfully transporting intoxicating liquor, it appeared from the record on appeal that the jury after having retired to deliberate on the case received other testimony from one of the jurors while passing on defendant's guilt, the judgment must be reversed and the cause remanded.

2.—Same—Indictment—Separate Offenses—Verdict.

Where the indictment charged three separate offenses, and the jury found a verdict of guilty as charged in the indictment, the verdict should have been corrected to conform to the charge of the court which submitted but one count.

Appeal from the Crim. Dist. Court of Tarrant. Tried below before the Hon. George E. Hosey.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Simpson, Moore & Parker* for appellant.—On question of misconduct of jury, Suddath v. State, 235 S. W. Rep., 210; Lax v. State, 78 id., 548.

*R. G. Storey,* Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The case is briefed by the State under a misapprehension that on the hearing of the motion for new trial two jurors testified on the issue of misconduct of the jury, contradicting each other, leaving said issue in that condition in which the decision of the trial court on a contested issue of fact would be upheld by us. In fact, the record reveals that only one juror testified on said hearing, and his testimony was entirely favorable to the contention of appellant. Appellant was convicted of the offense of transporting intoxicating liquor. On said hearing of the motion for new trial a juror introduced by him was asked the question if he heard any other juror make a statement in the jury room in the presence of the other jurors, in substance, that he knew appellant's brothers and that they had been engaged in the same business; to which he answered: Yes sir, Mr. Guess said "Well, I know him,—and that is what they all do. They are all in the same business." Mr. Guess seems to have been foreman of the jury. The juror who gave this testimony said that he asked Mr. Guess if he could convince him, the juror, that they were all professionals at that game, he would vote guilty, to which Mr. Guess made no reply. Thereafter the jury agreed on a verdict of guilty.

There was no controversy over the fact that this took place. The State did not traverse the allegations of the motion for new trial, nor introduce other jurors to combat the testimony above referred to. It is thus made to appear that the law as declared in subdivision 7, Art. 837 Vernon's C. C. P., wherein it is stated that a new trial should be granted where the jury, after having retired to deliberate on a case, received other testimony,—makes it obligatory on us to reverse

this case for the refusal of such new trial. We can not escape the conclusion that after the jury had retired to deliberate on the case, a juror from his own individual knowledge obtained before he became such juror, gave important testimony.

Inasmuch as the case must be reversed, attention is called to the fact that the indictment contained three counts charging separate, kindred offenses. The charge submitted but one count. The verdict of the jury was, guilty "as charged in the indictment." The jury should have been required to correct their verdict so as to make it conform to the charge of the court and to ascertain the count under which they found the accused guilty. The case is different from one in which all counts were submitted and a general verdict returned referable to any count.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*