## NOBLE v. STATE.   (No. 8474.)

(Court of Criminal Appeals of Texas.   June
18, 1924.   Rehearing Denied
Dec. 10, 1924.)

**1. Intoxicating liquors ⬄238(1)—Evidence of
transporting intoxicating liquor held for jury.**

Evidence of transporting intoxicating liq-
uor *held* for jury.

**2. Criminal law ⬄1120(8)—Bill of exception
to admission of testimony held not entitled
to consideration, because not including mat-
ter showing soundness of objection.**

Bill of exception, complaining of reception
in evidence of statement of accused at time
he was stopped by officer and his car searched,
which merely presented fact that objection was
made to such statement because accused was
under arrest at time, and did not include matter
showing that accused was then under arrest,
could not be considered.

**3. Criminal law ⬄1172(1)—Erroneous defini-
tion of intoxicating liquor harmless, where
undisputed testimony showed liquor was in-
toxicating.**

Erroneous definition of intoxicating liquor
*held* harmless, where it was undisputed that
liquor found in accused's possession was intoxi-
cating.

**4. Intoxicating liquors ⬄239(4)—Charge as
to right to acquittal, if liquor was trans-
ported for medicinal purposes, held proper.**

Charge as to right to acquittal, if liquor
was transported for medicinal purposes, *held*
proper.

**5. Intoxicating liquors ⬄239(2)—Charge as
to right to acquittal, if liquor was used for
medicinal purposes, held not too restrictive.**

Charge confining accused's right to trans-
port liquor, for medicinal purposes, to needs
of his wife, *held* not too restrictive, where the
testimony did not suggest that any one except
the wife needed the liquor for such purposes.

**6. Intoxicating liquors ⬄233(1)—That ac-
cused was drinking held admissible to rebut
defense of transportation for medicinal pur-
poses.**

That accused was drinking at and before
time of arrest *held* admissible to rebut defense
of transportation for medicinal purposes.

**7. Intoxicating liquors ⬄138—Refusal to
charge that accused could transport liquor
for his own personal use, or for use of his
family, held not error.**

Refusal to charge that accused could trans-
port liquor for his own personal use, or for use
of his family, *held* not error.

On Motion for Rehearing.

**8. Criminal law ⬄956(12)—Refusal to grant
uncontroverted sworn motion for new trial,
based on jury's misconduct, held proper, in
absence of affidavit or testimony in support
of motion.**

Refusal to grant uncontroverted sworn mo-
tion for new trial, based on jury's misconduct,

*held* proper, in absence of affidavit attached to
motion, and of oral testimony in its support.

Appeal from District Court, Hall County;
R. L. Templeton, Judge.

John Noble was convicted of transporting
intoxicating liquor, and he appeals.   Af-
firmed.

Fires & Williams, of Childress, for appel-
lant.

Tom Garrard, State's Atty., and Grover
C. Morris, Asst. State's Atty., both of Aus-
tin, for the State.

LATTIMORE, J.   Appellant was convict-
ed in the district court of Hall county of
transporting intoxicating liquor, and his
punishment fixed at one year and six months
in the penitentiary.

[1] It appears from the testimony that
about the 26th of August, 1922, appellant
was arrested on a road from Lakeview to
Memphis, and that in his car he had a half-
gallon jar full of corn whisky and a bottle,
spoken of as a quart bottle, about two-thirds
full of the same stuff.   Appellant lived about
seven or eight miles west from the town of
Lakeview, in Hall county, but at the time
of his arrest was several miles east of Lake-
view, and going east.   He had been seen in
and around the town of Lakeview several
times before he left, going to Memphis.   The
jar of whisky was rolled up in a tow sack.
Another witness testified that appellant told
him that he was going to Memphis.   At the
time of his arrest, appellant had been drink-
ing.   The defensive theory was that the liq-
uor was being transported for use for me-
dicinal purposes by appellant's wife.   He
testified to this himself.   He also testified
that it was election day, and an election was
being held in various voting boxes in the
county, and that he was on his way to Mem-
phis with one Doster, whom he was bring-
ing to Memphis, and they were about six
miles east of Lakeview at the time the offi-
cers arrested appellant.   On rebuttal, the
state witnesses testified that both Noble and
Doster appeared to have been drinking at
the time of the arrest, and one witness tes-
tified that they had been drinking quite a
lot.   It was in testimony that appellant told
the officer who arrested him that he was
not treating him right, and when the officer
took the cover off the whisky appellant asked
him to let it alone, and said that he would
see him the next day and make it all right.
There was another bottle in the car, which
was empty, but smelled as if it had had
whisky in it.

We deem it not erroneous for the learned
trial judge to refuse to give the peremptory
instruction requested by the appellant.   We
do not think it error for the court to decline
to grant a new trial, based on the ground of

---

misconduct of the jury, simply because the motion for new trial was sworn to by the appellant. No affidavit was attached to the motion; nor was there any oral evidence heard by the court. The motion was not itself offered in evidence. The motion for new trial is but a pleading, as has been often decided by this court, and will be so considered by the trial judge, and that will be our attitude toward it, in the absence of a showing to the contrary.

[2] The complaint, shown by bill of exceptions No. 3, of the reception in evidence of a statement made by appellant at the time he was stopped by the officer and his car searched, merely presents the fact that objection was made to said statement because at the time appellant was under arrest. The mere statement of a ground of objection is not tantamount to the establishment of the fact thus stated as ground of objection. There is nothing in the bill of exceptions from which we can determine the soundness of the objection. The statement of the witness to which the objection was made is as follows:

"Mr. Noble told me at the time I stopped him that if I would let him alone he would see me tomorrow and make it all right."

This is not sufficient to enable this court to determine that the accused was under arrest at the time.

[3, 4] There being no dispute of the fact in testimony that the liquor found in the possession of appellant, and which he was transporting, was whisky, the objection to the second paragraph of the court's charge presents nothing of harmful consequence. In such case, even if the court gave an erroneous definition of intoxicating liquor, it would be of no avail. The court told the jury, in a paragraph of his charge, that it was unlawful for any person, directly or indirectly, to transport within this state spirituous, vinous, or malt liquors capable of producing intoxication, unless such person came under one of the exceptions under which same may be transported as herein stated. Further on in the charge, the court told the jury that, if they believed appellant transported the liquor, still, if they further believed that he transported it for medicinal use alone, or if they had a reasonable doubt as to whether he transported it only for medicinal purposes, they should give him the benefit of the doubt, and find him not guilty. We fail to perceive wherein this is not a correct presentation of the law.

[5] The only claim of need or desire for use of the liquor as medicine was on behalf of appellant's wife; it being asserted that she was in poor health and needed to use the liquor as medicine. That the learned trial judge, in the charge, in presenting appellant's right to an acquittal, if he was transporting the liquor for medicinal purposes, confined the right to transport it for such purposes, or to such use only on the part of his wife, would not be error under the facts. Such limitation might be erroneous upon a different state of facts, but under the testimony in this case it was not open to the objection that it was too restrictive. We do not think this special charge, seeking to broaden the right of appellant to carry the liquor for medicinal purposes, so as to make it include such use for his family, was called for by the evidence, and we deem the refusal of the special charge not error. As we have above stated, there was no testimony suggesting the need for whisky, or that the purpose of transporting same was for medicinal use by any one except the wife of appellant.

[6, 7] Appellant asserting that he was transporting the liquor for medicinal purposes, for the use of same as medicine by his wife, the state was entitled, for whatever it was worth as rebutting the proposition, to show that appellant was drinking at and before the time of his arrest. Such evidence tended to rebut the proposition that he was transporting the liquor for one of the excepted purposes. It was not erroneous for the court to refuse special charge No. 4, which contained the proposition that appellant had the right to transport the liquor for his own personal use, or for the use of his family.

The evidence supporting the verdict, and finding no error in the record calling for a reversal, the judgment of the trial court will be affirmed.

### On Motion for Rehearing.

[8] Appellant insists that his motion for new trial based on misconduct of the jury, being sworn to and not controverted by the state, its refusal was error, and that we should have so held in our original opinion.

There were 13 grounds of the motion for new trial. Some complain of errors in the charge as given, others of the refusal of special charges, and yet others of the omission of certain things from the main charge; others of the wrongful admission of testimony, and one ground of said motion asserts, in general terms, that the reputation of appellant was discussed by the jurors in their retirement, and the commission of other offenses attributed to him, no evidence having been introduced upon either issue, and that some of the jurors were influenced thereby in arriving at the penalty inflicted. From the jurat of the clerk who swore appellant to the motion, it appears that he swore generally to the truth of all the allegations contained in said motion. We are not quite clear as to the exact contentions made by appellant, but, if we understand them, it is that, having made his motion for new trial and sworn to it, the matters therein stated should be taken as true, in the ab-

sence of some traverse by the state. We are not cited to any authority so holding. As far as we know, the cited cases of Stanley v. State, 16 Tex. App. 400, and Richardson v State, 28 Tex. App. 216, 12 S. W. 871, do not touch the issue here involved. In those cases, applications for continuance had been made and overruled, and, the materiality of the absent testimony being disclosed during the trial of the cases, and the court below having refused motions for new trial apparently because the affidavits of the absent witnesses were not appended, this court held such action to be erroneous. There is no discussion of the legal aspect of a sworn motion for new trial in the case of Hollingsworth v. State, 94 Tex. Cr. R. 244, 250 S. W 683; that not being an issue in the case. An inspection of the original record in that case, now on file in the office of the clerk of this court, discloses, however, that the motion for new trial was sworn to, and that, in addition, there was appended an affidavit of a juror which discloses misconduct of the jury, and, in the absence of any kind of controversy, was held by us sufficient. Nor do we find aught in the dissenting opinion in Hicks v. State, 75 Tex. Cr. R. 461, 171 S. W. 768, which sustains appellant's contention. The member of this court who wrote the dissent based it on the error of the court below in refusing to allow the accused to prove, by eight jurors whom he had present when the motion for new trial was heard, the truth of his allegations in such motion that the verdict was decided by lot. The trial court based his rejection of the proffered testimony on the fact that the state had not controverted the motion, and a decision of the propriety of the action of the lower court in that case would seem settled by a reference to article 841, C. C. P., and subdivision 3 of article 837, C. C. P.

If appellant's contention was the rule which controlled, then every motion generally sworn to by the accused, as in this case, would necessarily prove itself, as to all matters therein contained, as much in one particular as another, and we would thus come to the practice of accepting as true all allegations regarding the charge, the refusal of special charges, the admission or rejection of testimony, provided such allegations were generally sworn to. There is no such rule in this state.

In regard to the proposition that the motion is but a pleading, in Sharp v. State, 71 Tex. Cr R. 641, 160 S. W. 373, appears the following statement of the law:

"The motion for a new trial is but a pleading, together with the exhibits attached thereto, and when it is sought to raise therein an issue extrinsic the record, it must be sworn to; yet swearing to it does not render it any the less a pleading in the case."

Appellant's contention that his motion sworn to is in the nature of a verified account does not appeal to us. The truth of the allegations of the motion for new trial, if of matters dehors the record, must be made to appear in some way by what may be characterized as testimony, which may be made by affidavit or oral evidence. As said by us in Odom v. State, 82 Tex. Cr. R. 584, 200 S. W. 833:

"Matters of fact set up in motion for a new trial, which matters of fact are not verified by bill of exceptions or statement of evidence filed during the term, cannot become the subject of review."

The soundness and justice of this view, in regard to matters set up dehors the record, is apparent from an analysis of the contention of appellant in the case before us. His sworn motion as to what took place in the jury room is, as to appellant, wholly hearsay, at best. He was not there. He is only swearing to what some one else told him. It would still be of the same kind, if he gave names and attempted to give exact quotations from what was said by the jurors to him. All this the trial court knew, and no affidavits being appended to the motion, and no profert being made of oral testimony in support of his pleading, the trial court correctly refused the motion.

The motion for rehearing will be overruled.