DAVE JOHNSON v. THE STATE.

No. 11858. Delivered June 20, 1928.
Rehearing denied January 30, 1929.
Second rehearing denied February 6, 1929.

The opinion states the case.

*Boyd & Boyd* and *Henry Owsley* of Denton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

Our state's attorney calls attention to the fact that no notice of appeal appears anywhere in the record, and because of such omission moves that the appeal be dismissed. The motion must be sustained. See Art. 827 C. C. P. and authorities collated in Note 2, under said article in Vernon's Ann. C. C. P., Vol. 3; Moore v. State, 86 Tex. Cr. R. 549, 218 S. W. 366; Hill v. State, 300 S. W. 70; Davidson v. State, 104 S. W. 607, 285 S. W. 831; Rose v. State, 104 Tex.

Cr. R. 606, 286 S. W. 230; Sandoval v. State, 106 Tex. Cr. R. 468, 293 S. W. 168.

The appeal is dismissed.

*Dismissed.*

ON MOTION TO RE-INSTATE APPEAL.

LATTIMORE, JUDGE.—This appeal was dismissed for failure of the record to show notice of appeal. A supplemental transcript sufficiently shows that notice of appeal was given and that the court erroneously failed to enter same. The appeal is re-instated and considered on its merits.

There are four bills of exception. The first complains of the refusal of the court to quash the indictment against appellant. Said indictment correctly charged the offense of transporting intoxicating liquor, and the bill manifests no error.

Bill of exceptions No. 2 sets forth that the court refused to suppress the testimony of certain witnesses. The practice that obtains in Federal courts of suppressing testimony upon a showing in advance that it is incompetent, does not prevail in this State.

Bills of exception Nos. 3 and 4 present the same question, to-wit: the alleged error of the court in admitting the testimony of officers who searched the automobile of appellant and found therein four gallons of whisky on the occasion of his arrest. We are of opinion that the evidence was admissible and that the fact that the officers had no search warrant would not suffice to justify the rejection of the testimony. Appellant was a negro who worked for the Godwin hotel in Denton. Prior to the search and arrest of appellant, his house had been searched and a large number of containers were found therein, each manifesting the odor of whisky. On the morning of the arrest the officers were called from Fort Worth and informed that a negro who worked at the Godwin hotel was on his way from Fort Worth to Denton with a load of whisky in a Buick car. The officers went at once down to the road leading from Denton to Fort Worth, and when appellant appeared in a Buick car, they halted him and upon search of the car found in same the four gallons of whisky mentioned. Appellant had been observed frequently prior to that time going to and from Fort Worth to Denton on said road. The facts in this case are very much similar to those in Carroll v. United States, 69 Law Ed., 543, which is cited and approved by this court in Battle v. State, 105 Texas Crim. Rep.

568. In the case of Plant and Rogers v. State, 106 Texas Crim. Rep. 332, we said:

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law."

We are entirely satisfied that the officers had probable cause for believing that the automobile of appellant contained intoxicating liquor and that their search was justified.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have again examined the statement of facts and find no occasion to change our view upon the point that the officers had "probable cause" to search appellant's car. See Hardiway v. State, 2 S. W. (2d) 455, and cases therein cited.

In his motion for new trial appellant averred in general terms misconduct of the jury in that his failure to testify was discussed and considered. The motion is sworn to by appellant but is supported by no affidavit of jurors nor in any other way so far as shown by the record. Appellant contends that, because his motion was verified by himself, and the record not disclosing that it was controverted, error in overruling his motion for new trial is affirmatively shown. As supporting the proposition we are referred to Waters v. State, 148 S. W. 796; Ray v. State, 131 S. W. 542; Stanley v. State, 16 Tex. Cr. R. 392. It is doubtful if these cases can be construed as going to the extent claimed by appellant but if so they are not in harmony with many later cases illustrated by Noble v. State, 98 Tex. Cr. R. 463, 266 S. W. 412; Hughes v. State, 106 Tex. Cr. R. 550, 293 S. W. 575; Purswell v. State, 107 Tex. Cr. R. 121, 294 S. W. 1107; Vyvial v. State, 10 S. W. (2d) 83.

The motion for rehearing is overruled.

*Overruled.*

### ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Adverting to the averment in the motion for new trial charging that the jurors in their retirement discussed the failure of the appellant to testify in his own behalf, the appellant contends that the verified motion is conclusive unless controverted. It is believed that the opinion of this court in Stan-

ley's case, 16 Tex. Crim. App. 393, has been misconstrued. In that case, the facts showed that Stanley sought a continuance for the absence of the witness Shaw. The motion to continue was overruled, and in the motion for new trial the appellant averred under oath that Shaw, if present, would give certain testimony. The trial court refused to consider the motion for new trial because it was not supported by the *affidavit of Shaw*. On appeal, the court held that the affidavit of the witness was not essential and that the motion for new trial was entitled to consideration; and that the alleged absent testimony was to be weighed under the rules applicable when after a motion for a continuance is denied the matter is again considered on the motion for new trial, that is, the averments in the motion are to be weighed in the light of the evidence adduced on the trial. The application for a continuance was a part of the records. Its consideration on a motion for new trial is upon a different footing from an averment of misconduct of the jury. When the motion is based upon misconduct of the jury, it is merely a pleading containing averments for the proof of which the burden rests upon the accused. Such is the opinion of this court written by Judge Davidson in Lopez v. State, 84 Tex. Crim. Rep. 422. The views of the court are stated with clarity by Judge Lattimore in the opinion of the court on hearing in the Noble case, 98 Tex. Crim. Rep. 466, in which the Stanley case, supra, is discussed and in which the rule is stated thus:

"The truth of the allegations of the motion for new trial, if of matters dehors the record, must be made to appear in some way by what may be characterized as testimony, which may be made by affidavit or oral testimony."

The matter has received some discussion in a number of other cases. Among them is Hughes v. State, 106 Tex. Crim. Rep. 550, in which there are several citations. The case of Lax v. State, 79 S. W. Rep. 578, to which the appellant refers, is not regarded as supporting his contention. In that case the averment in the motion was misconduct of the jury of a material character, and the trial court denied the appellant the facility for bringing the juror who tried the case into court and give testimony in support of the averment of the motion. In the present instance, however, the motion for new trial contains a general averment that certain members of the jury, the names of whom are unknown to the defendant, during their deliberations discussed the fact that the defendant did not testify in his own behalf and considered such failure as a circumstance against him. This fact, supported by the appellant's affidavit alone,

did no more than present a pleading upon which he would be privileged to present proof. On the subject, see Vyvial v. State, (opinion on motion for rehearing), 10 S. W. R. (2d) 83.

The request for the privilege of filing a second motion for rehearing is denied.

*Denied.*