**William James PADGETT, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35143.**

Court of Criminal Appeals of Texas.

Jan. 16, 1963.

Rehearing Denied Feb. 20, 1963.

Charles W. Tessmer (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., John Rogers, Mark Troy, Jr., and Emmett Colvin, Jr., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is driving while intoxicated, subsequent offense, a felony; the punishment, confinement for two years in jail.

The previous conviction of appellant for the misdemeanor offense of driving while intoxicated was stipulated by agreed testimony.

D. L. Burgess, a police officer of the city of Dallas, testified that he and his partner arrested appellant near Fair Park and that appellant was speeding, changing lanes, and had his car lights off. The officer testified that in his opinion the appellant was intoxicated. He further testified that he took a .38 calibre pistol from appellant; that he was handcuffed and forcibly placed in the squad car; that the radio in the squad car was used to summon Detectives Leavelle and Boyce; and that thereafter they carried appellant to the "Homicide office."

Paul T. McWhorter, a police officer, testified that he was working with D. L. Burgess on the night in question. His testimony as to the main facts and as to the manner in which appellant was driving and his physical condition was substantially the same as Officer Burgess's testimony. The witness further testified that when he approached appellant's car to make the arrest he saw three billfolds lying in the front seat of the car and that they belonged to three different people, according to identification in the billfolds, the name "Butler" being on one of the billfolds. The witness also testified that on arrival at the police station he and his partner took appellant to Leavelle and Boyce, homicide officers, and that after detectives at the police department talked to appellant the homicide detectives told him and his partner to place appellant in jail.

James R. Leavelle, detective of the homicide and robbery bureau, testified that he saw appellant on the night of the arrest at Second Avenue, that he recognized him at that time and instructed the arresting officers to take him to the homicide and robbery office, where he met them later. He further testified that appellant smelled of alcohol, was unsteady on his feet and in his opinion was intoxicated.

George Butler testified that he was working as a bar tender at the Fair Park bar

on the night of appellant's arrest. He identified him as a man who came into the bar on the night in question with a fifth of whisky. According to the witness's testimony, he saw appellant drinking the whisky at the bar after serving him a setup and he observed that appellant had a gun. Butler testified that he (Butler) had with him that night a billfold with the name "Butler" thereon in red letters. He further testified that appellant "made [us] go in the back" when he (appellant) left; that he and Bobby Bull, who had charge of the bar, went down to the city hall the next day and identified the appellant; that appellant was not drunk when he came into the bar but that he might have had enough liquor to be drunk when he left.

Mrs. Joyce Padgett testified that appellant was her husband and that he was a union boiler maker and building contractor; that on the night in question, December 29, 1960, which was on Thursday, he was at home until approximately 10:30 o'clock; that he was ill and had been taking "Dristan" throughout the day; and that after watching television he decided, around 10:30 o'clock, to go see a colored man named Wesley about employing him on a job. The witness further testified that appellant had no intoxicating beverages to drink that day at home and that she was with him all day.

Appellant has brought forward no formal bills of exception. He makes complaint, by informal bills of exception, of two propositions which he contends constitute reversible error.

Appellant first contends that the trial court fell into error in admitting evidence of an extraneous felony offense, armed robbery. We observe that appellant filed a motion to suppress, in limine, requesting the court to instruct the district attorney and any and all witnesses who might testify not to mention or refer or allude to in any manner the fact that he (appellant) was charged with the offense of robbery, for the reason that he was not indicted nor convicted for that

offense. The trial court granted appellant's motion.

This motion to suppress does not constitute a bill. While used extensively in the federal courts of this country, a motion to suppress evidence in advance of proffer does not obtain in this state. Johnson v. State, 111 Tex.Cr.R. 395, 13 S.W.2d 114; Bailey v. State, 157 Tex.Cr.R. 315, 248 S.W.2d 144; Spencer v. State, 157 Tex. Cr.R. 496, 250 S.W.2d 199; Dominguez v. State, 161 Tex.Cr.R. 124, 275 S.W.2d 677; Gonzales v. State, Tex.Cr.App., 361 S.W. 2d 393. The motion does not qualify as an informal bill under Art. 760e, Vernon's Ann. C.C.P. We find no authority to suggest a change, and we still follow the rule in this state that timely objection is to be made at the time the evidence is offered. Killingsworth v. State, 165 Tex.Cr.R. 286, 306 S. W.2d 715, and cases there cited.

The complained-of testimony was adduced by an assistant district attorney when he inquired of state's witness McWhorter if he had booked appellant on some charge when he placed him in jail and the officer replied: "Yes, sir, I placed him in jail for investigation of Armed Robbery." We note that objection was taken and sustained but that subsequent to this ruling the court made an additional ruling, stating: "I'll overrule that."

While it is not entirely clear to us what the trial judge was referring to, we assume that it was evidently a change in his previous ruling.

A general objection was then taken by appellant's counsel and state's counsel inquired: "What did you place him in jail for, Officer?," after which appellant's co-counsel stated: "Note our exception." The witness then replied: "We placed him in jail for investigation of Armed Robbery."

Appellant's counsel did not move the court to exclude this testimony, nor did he move the court to instruct the jury to disregard it, nor did he make a motion for a mistrial. Appellant's counsel then took the witness on

recross examination and fully developed from him that the appellant had been placed in jail for investigation of armed robbery but that he had not been filed on for armed robbery; that he had not been down to court to testify against the appellant for armed robbery but that the grand jury had in fact refused to indict him for armed robbery. State's counsel then further examined this witness on redirect examination and at the conclusion of such examination counsel moved the court for a mistrial, reciting as his reason the officer's testimony that appellant had been placed in jail for "'Investigation of Robbery with Firearms.'" The court overruled the motion, and exception was taken.

We think that it was incumbent upon appellant's counsel to initially move the court to exclude the objectionable testimony and instruct the jury to disregard it and not consider it for any purpose and then to move the court for a mistrial. We are of the opinion that appellant's counsel, by adducing evidence showing that appellant had been no-billed by the grand jury for armed robbery, rendered harmless any error that might have been created by the admission of evidence showing that appellant was filed on or booked for armed robbery. Bedford v. State, 75 Tex.Cr.R. 309, 170 S.W. 2d 727; McIntosh v. State, 148 Tex.Cr.R. 468, 188 S.W.2d 165. See, also: Hopkins v. State, 162 Tex.Cr.R. 103, 282 S.W.2d 232. Just prior to the state resting its case, the court instructed the jury as follows:

"Ladies and Gentlemen, when the last officer was on the witness stand, the State asked him a question, 'What did you book the Defendant for?' And the officer said, 'Robbery'; I instruct you not to consider that remark or that statement to the question, nor the answer for any purpose."

Appellant's counsel made no complaint to this gratuitous ruling of the court and did not move for a mistrial.

From what we have said, we do not think that any harmful error is reflected by appel-

lant's first proposition. This contention is without merit.

Appellant's second contention is that the trial court erred in permitting the assistant district attorney to inject new and harmful facts into the case in his closing argument to the jury. We have carefully read the entire argument made to the jury. We think that the complained-of argument was a reasonable deduction from the facts in evidence and was not improper. Also, the statements made were in response to the argument of appellant's counsel and were proper retaliatory remarks, to which the appellant can have no complaint.

The second proposition or contention advanced by appellant is overruled.

We find the evidence sufficient to sustain the verdict. Finding no reversible error, the judgment is affirmed.