**Virgil John ETCHIESON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36128.

Court of Criminal Appeals of Texas.

Nov. 27, 1963.

Clyde W. Woody, Houston, (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., James H. Miller, George Milner, and A. D. Jim Bowie, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is the unlawful possession of marihuana; the punishment, 20 years.

A prior judgment of conviction upon the indictment herein was reversed by this Court in Etchieson v. State, 172 Tex.Cr. R. 606, 361 S.W.2d 711.

Upon the second trial there was no evidence introduced on the question of whether the appellant was an occupant of or was in possession of the apartment, or was a guest or visitor.

The grounds for reversal of this conviction are directed to the validity of the search warrant and the admissibility of the marihuana and the evidence relating thereto.

The appellant relies upon a formal bill of exception which sets out his contention that the search warrant and affidavit therefor were illegal and void due to the fact that the same did not satisfy the requirements of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States as construed in the 'case of Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

The bill certifies that the trial court reached the conclusion that the search warrant in question and the search which resulted satisfies the requirements of the Fourth, Fifth and Fourteenth Amendments to the Constitution, to which appellant excepted.

The formal bill of exception does not attempt to set out the objections made when the evidence was offered, nor does it certify what objection was made.

Looking to the statement of facts and the informal bills relating to the evidence and to the validity of the search, we find that the only objections that were made related to the *execution* of the search warrant and not to its *sufficiency* or the sufficiency of the affidavit upon which it was issued. We further find that evidence was admitted without objection that a "grassy" looking substance in a plastic vial which the appellant was seen to place on the back of the commode was marihuana and that a similar substance was in the flushing commode in front of which the appellant was squatting down when the officers pursuing him broke into the bathroom.

We have examined each of the objections relating to the evidence and find none which states as ground that no probable cause was shown or that the affidavit for issuance of the search warrant was insufficient.

■ We agree with the state that the grounds upon which the search war-

rant and affidavit were attacked after verdict should have been urged by the appellant when the complained of evidence was offered. However, we need not rest our decision upon the appellant's failure to timely and properly object or to show that he had standing to question the validity of the search warrant. We find no merit in appellant's contention that the affidavit for issuance of the search warrant is insufficient under the Supreme Court's holding in Giordenello v. United States, 357 U. S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

The affidavit here under attack reads:

"(We), B. M. Newman and C. R. Groves do solemnly swear that heretofore, on or about the 5 day of January A.D., 1960, in said County and State one Virgil John Etchieson and person or persons unknown to affiants at this time did then and there unlawfully possess a narcotic drug, to-wit: Marijuana and I have cause to believe and do believe that said narcotic drugs are now concealed by Virgil John Etchieson and person or persons unknown to affiants at this time in a private residence situated in Dallas County, Texas, at 2002 Kirby Street Apartment # C in the City of Dallas, Texas Dallas County, Texas which said Virgil John Etchieson and person or persons unknown to affiants at this time occupies, possesses, controls and has charge of.

"My belief as aforesaid is based on the following facts: "(A) I have been informed of the existence of the foregoing set out facts by reliable, credible and trustworthy citizen of Dallas, Dallas County, Texas,

"(B) and further from a source that we do not wish to divulge

"Wherefore, I (We) ask that a warrant to search for and seize the said narcotic drugs be forwith issued in accordance with the law in such cases provided."

In Giordenello v. United States the conviction in Federal District Court for unlawful purchase of narcotics was reversed upon the majority holding that the warrant of arrest issued under Rules 3 and 4 of the Federal Rules of Criminal Procedure was, under the evidence adduced at the motion to suppress, invalid. The affiant stated:

"The undersigned complainant (Finley) being duly sworn states: That on or about January 26, 1956, at Houston, Texas in the Southern District of Texas, Veto Giordenello did receive, conceal, etc., narcotic drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation; in violation of Section 174, Title 21, United States Code.

"And the complainant further states that he believes that ———— ———— are material witnesses in relation to this charge."

The affiant in Giordenello v. United States swore only that the accused received and concealed a narcotic drug with knowledge of unlawful importation (which the Supreme Court treated as a conclusion only), *whereas* the affiants in the affidavit before us not only swore that Etchieson unlawfully possessed marihuana, a narcotic drug, and that they had cause to believe and did believe that such narcotic drugs were then concealed by Etchieson and others in the place that was to be searched, but also stated the facts upon which their belief was based, which were that they had been informed of the existence of such facts by a reliable, credible and trustworthy citizen of Dallas County, Texas. This, as we see it, was the same as swearing that they had been informed by credible and trustworthy citizens that the appellant possessed marihuana and had it concealed in the residence described.

The opinion of the Supreme Court in Giordenello states that the complaint "does not indicate any sources for the complainant's belief; and it does not set forth any

other sufficient basis upon which a finding of probable cause could be made."

The opinion also states: "[W]e need not decide whether a warrant may be issued solely on hearsay information * *."

The Supreme Court did, however, decide such question in Draper v. United States 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, citing Brinegar v. United States, 338 U. S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, where arrest and search upon probable cause without a warrant was upheld.

In Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the Supreme Court said: "If an officer may act upon probable cause without a warrant when the only incriminating evidence in his possession is hearsay, it would be incongruous to hold that such evidence presented in an affidavit is insufficient basis for a warrant."

We hold that the affidavit was adequate to show probable cause and cite in support of such holding: Giacona v. State, Tex. Cr.App., 335 S.W.2d 837, and Davis v. State, 165 Tex.Cr.R. 2, 302 S.W.2d 419.

The judgment is affirmed.