**Wanda Jean BARNES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36705.**

Court of Criminal Appeals of Texas.

March 25, 1964.

Rehearing Denied May 13, 1964.

On Motion to Vacate Judgment
June 27, 1964.

Judgment Reversed March 8, 1965.
See 85 S.Ct. 942.

On Remand from United States Supreme
Court May 19, 1965.

Clyde W. Woody, Houston, for appellant.

Doug Crouch, Dist. Atty., Albert F. Fick, Jr., and R. J. Adcock, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is possession of marihuana; the punishment, five years in the penitentiary.

The state's evidence shows that on the night in question Ranger Sgt. Jim Paulk and Deputy Sheriffs E. N. Buie and Jim Smith went to appellant's residence in Everman, Tarrant County, with a warrant of arrest for the appellant's husband, Billy Joe Barnes. The arrest warrant had been issued by Justice of the Peace F. R. Land, of Lubbock County, upon complaint made by Ranger Paulk before an assistant district attorney (of Lubbock County), charging Billy Joe Barnes and one Johnny Leach with felony theft. The officers, at such time, also carried with them a search warrant purportedly issued by Justice of the Peace J. W. Boorman, Precinct No. One, Place No. Two, of Tarrant County, authorizing a search of the residence of Billy Joe Barnes for stolen property.

When the officers arrived, Ranger Paulk and Deputy Buie went to the front door and after they had knocked for a considerable length of time someone answered from inside: "Who is there?" Buie replied that he was from the sheriff's office and had a warrant of arrest. When no one opened the door and quite a bit of commotion was heard on the inside, Officer Buie proceeded to break and enter the house through a window and admit Sgt. Paulk through the door. As Officer Buie was going down the

hall he observed the appellant coming out of a half bath in a bedroom. He immediately went into the bathroom, which had only one entrance and exit, and saw a substance which he recognized as marihuana, in the commode, which was in the process of flushing. At such time he grabbed some of the substance from the commode. The substance, upon being examined in the Fort Worth police department crime laboratory, was found to be marihuana. After finding the marihuana in the commode, Billy Joe Barnes was arrested by Sgt. Paulk in a back bedroom, the appellant was placed under arrest, and one Wanda Jean Finchum, who was in another bedroom, was also arrested.

Following the arrests, the officers then proceeded, with the assistance of Deputy Smith, to go outside and search the premises. In the search they found in the back yard under a rock a bottle containing a substance which, upon being examined, was shown to be marihuana.

Appellant did not testify or call any witnesses who gave testimony on the issue of her guilt.

Appellant insists that the marihuana was illegally obtained by the officers under both a void search warrant and warrant of arrest and that for such reason her conviction cannot be sustained.

This contention was first urged by appellant in her motion to quash the indictment on the ground that the grand jury had utilized illegal evidence in returning the indictment against her.

■ While the court did hear evidence in support of appellant's motion, it is the rule that the character of testimony or quantum of proof before the grand jury will not be inquired into on a motion to quash the indictment. Terry v. State, 15 Tex.App. 66; Edwards v. State, 73 Tex.Cr. R. 380, 166 S.W. 517. An indictment may not be quashed on the ground that the grand jury received improper evidence. 30 Tex.Jur.2d, Sec. 50, pages 625–628; Dockery v. State, 35 Tex.Cr.R. 487, 34 S.W. 281; Buchanan v. State, 41 Tex.Cr.R. 127, 52 S.W. 769; Bell v. State, 92 Tex.Cr.R. 342, 243 S.W. 1095.

■ In her brief, appellant refers to her motion to quash the indictment as also a motion to suppress evidence, and urges that we hold such motion to have been well taken.

Recently, in Padgett v. State, Tex.Cr. App., 364 S.W.2d 397, we said:

"While used extensively in the federal courts of this country, a motion to suppress evidence in advance of proffer does not obtain in this state. Johnson v. State, 111 Tex.Cr.R. 395, 13 S.W.2d 114; Bailey v. State, 157 Tex.Cr.R. 315, 248 S.W.2d 144; Spencer v. State, 157 Tex.Cr.R. 496, 250 S.W.2d 199; Dominguez v. State, 161 Tex.Cr.R. 124, 275 S.W.2d 677; Gonzales v. State [172 Tex.Cr.R. 556], 361 S.W.2d 393. The motion does not qualify as an informal bill under Art. 760e, Vernon's Ann.C.C.P. We find no authority to suggest a change, and we still follow the rule in this state that timely objection is to be made at the time the evidence is offered. Killingsworth v. State, 165 Tex.Cr.R. 286, 306 S.W.2d 715, and cases there cited."

We adhere to such rule, here.

Upon the trial, the state conceded that the search warrant in the hands of the officers on the night in question was invalid and relied upon the validity of the arrest warrant to justify the officers' entry upon the premises and seizure of the marihuana.

We shall therefore address ourselves to the question of the validity of the arrest warrant.

Appellant insists that the warrant was invalid because the affidavit upon which it was issued did not state sufficient facts to satisfy the requirements of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States as interpreted by the Supreme Court of the United States in the cases of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

The affidavit executed by Sgt. Paulk for the arrest warrant, omitting the formal parts, alleges:

"* * * That heretofore, to-wit: on or about the 29th day of May, A.D. 1962, and before the making and filing of this Complaint, in the County of Lubbock and State of Texas, Billy Joe Barnes and Johnny Leach did then and there unlawfully and fraudulently take from the possession of Southwestern Bell Telephone Company herein called 'owner' good and lawful United States currency of the value of over Fifty and No/100 ($50.00) dollars, the same then and there being the corporeal personal property of the said 'owner,' from the possession of the said 'owner,' without the consent of the said 'owner,' and with the intent then and there to deprive the said 'owner' of the value of the same, and to appropriate same to the use and benefit of them, the said Billy Joe Barnes and Johnny Leach against the peace and dignity of the State."

The affidavit and warrant of arrest issued thereon clearly meet the requisites of Articles 219 and 222 of the Code of Criminal Procedure of this State and are valid.

The federal authorities relied upon by appellant are not here applicable, because in those cases the court was passing upon the reasonableness of a search incident to an arrest without warrant or the legality of an arrest warrant issued under Rule 4 of the Federal Rules of Criminal Procedure.

■ Under the provisions of Art. 223, V.A.C.C.P., the warrant of arrest issued by the magistrate in Lubbock County authorized an arrest in any county of this state. The officers, being legally on the premises, were authorized under Art. 242, V.A.C.C.P., to forcibly enter the house upon being refused admittance.

While legally on the premises, the officers were authorized to seize from the commode that contraband which was in plain view and, having found evidence of a violation of the law, had the right to search the entire premises. Turner v. State, 119 Tex.Cr.R. 323, 45 S.W.2d 205. The arrest of appellant's husband under a valid warrant authorized a search of the place where the arrest occurred. Lucas v. State, Tex.Cr.App., 368 S.W.2d 605; Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION TO VACATE JUDGMENT

MORRISON, Judge (dissenting).

My brethren overrule appellant's motion to vacate our judgment herein, and I respectfully dissent. No mandate has been issued, and on June 15, 1964, the Supreme Court of the United States reversed the case of Aguilar v. Texas, 84 S.Ct. 1509.

In light of this decision, I feel that our original opinion of affirmance should be withdrawn; the judgment set aside and reversed for the following reason. Although the contraband in the case at bar was acquired by the officers by means of an arrest warrant based upon a complaint that charged an offense in unequivocal terms, the complaint does not show on its face to have been made by a person who acquired his knowledge by personal observation. In fact, the complaint did not contain affirmative allegations that the affiant spoke with personal knowledge of the matters contained therein, did not indicate any source of the complainant's belief, and did not set forth any other sufficient basis upon which the finding of probable cause could be made. By specific objection made during the course of the trial, the question of the sufficiency of the affidavit was called to the trial court's attention and was presented as grounds for reversal on appeal in this Court. The affidavit did not state the facts upon which affiant's belief is based or the facts upon which the belief of affiant's informant was based or facts showing the credibility of affiant's informant.

Such was the case in Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503, wherein it was held that the complaint was insufficient and that the warrant of arrest used in the federal prosecution was therefore illegal. Until the decision in Aguilar, supra, the rule in Giordenello had not been applied to state warrants. In Aguilar, the Supreme Court made it clear that the rule in Giordenello was based upon the Fourth Amendment to the Federal Constitution and not upon the Court's supervisory powers.

This being true, I have concluded that the affidavit upon which the arrest warrant is based does not meet the constitutional requirements set forth in Aguilar and Giordenello, and the arrest and incident search were unlawful. It should be clearly understood that in my view, such a holding would apply only to those cases in which the fruits gained in the search were admitted into evidence at the trial and the sufficiency of the affidavit of the arrest or the search warrant was challenged in the trial court and in this Court, or the constitutional question is otherwise preserved for review. See also Etchieson v. Texas, 84 S.Ct. 1932, wherein the judgment of this Court in Etchieson v. State, Tex.Cr.App., 372 S.W.2d 690, was vacated by a per curiam opinion citing Aguilar v. Texas, supra.

On Remand from United States Supreme Court.

MORRISON, Judge.

The offense is possession of marihuana; the punishment, five years.

■ On original submission we affirmed this conviction. We stayed the issuance of the mandate, and the opinions are not yet reported.

On writ of certiorari, the United States Supreme Court, in a Per Curiam opinion citing Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 and Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, reversed the judgment of this Court affirming the conviction, and the case was remanded for proceedings not inconsistent with the opinion of the Supreme Court. Barnes v. Texas, 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818, March 8, 1965.

The holding of the Supreme Court of the United States requires that the conviction be reversed.

The judgment is reversed, and the cause is remanded.