**Hazel GADDY, Administratrix of the Estate of James Brown Gaddy, deceased, Plaintiff,**

v.

**LOUISVILLE & NASHVILLE RAILROAD COMPANY, Defendant.**

**No. 1155.**

United States District Court
E. D. Kentucky,
Covington Division.

Nov. 3, 1965.

G. Wayne Bridges, Covington, for plaintiff.

James N. Stein, Covington, for intervenor.

Charles Adams, Covington, for defendant.

SWINFORD, Chief Judge.

James Brown Gaddy, while employed as a laborer by the defendant, Louisville & Nashville Railroad Company, and while on duty, was killed through the alleged negligence of the defendant, its agents and employees. Hazel Gaddy, as the administratrix of his estate and claiming to be his widow, brought this action pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51.

In the complaint the administratrix, Hazel Gaddy, alleged that at the time of his death the deceased was lawfully married and had two children, namely, Alan James Gaddy, six years of age, and Carol Elaine Gaddy, five years of age.

By order of September 30, 1964 the case was assigned for trial by jury for February 23, 1965. On February 19, 1965 a motion was filed by James N. Stein, as attorney for Dorothy M. Gaddy, that he be named as co-counsel for the estate of James Brown Gaddy, deceased, for an order permitting him to file an intervening complaint on behalf of Dorothy M. Gaddy, and for an "order continuing the trial date", which was, in effect, a motion for a continuance of the case. In support of this motion Mr. Stein filed his affidavit in which he said that he had been retained on March 19, 1964 to represent the interests of Dorothy M. Gaddy, who, the affidavit stated was the surviving legal wife of James Brown Gaddy, deceased. The court considered the motion and noted that the trial of the case had been set for several months, that the parties to the action were ready for trial and asking for trial without further delay, and that Dorothy M. Gaddy had made no effort prior to February 19, 1965 for a postponement. It should be noted that February 19, the day the motion and affidavit were filed, was on Friday and the date for trial was on the following Tuesday, which gave, in effect, only two days, exclusive of Saturday and Sunday, for the motion to be brought to the attention of the court.

The motion was overruled and the case proceeded to trial on Tuesday, February 23, 1965 at 10:00 A. M.

In order to preserve the record, Dorothy M. Gaddy was permitted to testify out of the presence and hearing of the jury and her evidence is now a matter of record and before the court on the motions presently being considered.

After a three day trial, on February 25, 1965 the jury returned a verdict for the plaintiff in the sum of $100,500. Of this amount the widow was allowed $62,-500 and the children $19,000 each. The form on which the verdict was written did not indicate the name of the widow. Counsel for the defendant then objected to the verdict on the ground that it did not give the name of the widow for whom the jury intended to return the verdict. The court inquired of the jury if its award was intended to be for the widow, Hazel Gaddy, to which all of the jurors answered in the affirmative. The court then inserted the words "Hazel Gaddy" following the word "widow" and preceding the sum of $62,500. The defendant objected to the interlineation by the court but the objection was overruled.

On July 1, 1965 the intervening complaint for a declaratory judgment of Dorothy M. Gaddy was ordered filed. In this complaint it is alleged that at the time of the death of James Brown Gaddy that Dorothy M. Gaddy, the intervenor, was his true, legal and surviving widow. It is also alleged in the intervening complaint that Hazel Gaddy, by her answer to interrogatories propounded prior to the trial of the case, stated that she was lawfully married to James Brown Gaddy at the time of his death and therefore his widow.

The record is cumbersome and the pleadings are involved but there is presented the single question to be determined on this submission. That question is whether the plaintiff, Hazel Gaddy, as administratrix of the estate, or Dorothy M. Gaddy, the intervenor, is the widow of James Brown Gaddy.

While this issue of fact might be submitted for determination to a jury, no demand for a jury is made and it must therefore be determined by the court.

Hazel Gaddy and James Brown Gaddy were married in Campbell County, Kentucky on March 8, 1962. This fact is conclusively established by a marriage certificate marked Plaintiff's Exhibit 1 and is not questioned. The sanctity of the marriage status where a ceremony has been performed shall be presumed to be valid and without impediment. Rose v. Rose, 274 Ky. 208, 118 S.W.2d 529. Having established by evidence her marriage to the deceased, the fact must

stand unimpeached unless overcome by a preponderance of evidence that the deceased was married to another person at the time of his marriage to Hazel Gaddy. Dorothy M. Gaddy has the burden of producing evidence to overcome the strong presumption of the widowhood of Hazel Gaddy.

■ The law of Kentucky which governs in this case is that the presumption may be rebutted by proving that the prior marriage was valid and that its continuity had not been interrupted by death or divorce at the time of the subsequent ceremony. Trimble v. Wells, 314 Ky. 206, 234 S.W.2d 683 (1950); Payne v. Payne's Adm'r, 290 Ky. 461, 161 S.W. 2d 925 (1942); Scott's Adm'r v. Scott 25 Ky.L.Rep. 1356, 77 S.W. 1122 (1904) These principles accord with the law in most other states. See 35 Am.Jur., Marriage, Sec. 193,217 (1941); anno. 14 A.L.R.2d 7–61 (1950). As principles of law, these rules pose no difficulty in this case.

■ The court is of the opinion that Dorothy M. Gaddy has sustained the burden of proof required under Kentucky law. A Certificate of Registry of Marriage between James Brown Gaddy and Dorothy Marie Husted, with a license issued March 25, 1954 and filed March 30, 1954, is a part of the record and identified as Defendant's Exhibit H. She also files the birth certificates for her two children, Allan James Gaddy and Carolyn Elaine Gaddy. Dorothy Gaddy has introduced more than just some evidence that the deceased was married to her and never divorced. In the file are statements from twenty-three states with central records filing and from five counties in three other states that no divorce was ever granted to either Dorothy Gaddy or the deceased during the years of their marriage. This proof does not rebut every possibility that they were not divorced before the deceased's marriage to Hazel Gaddy but the establishment of such a fact "to a moral certainty" would require the affirmative proof of a negative proposition and this as a practical matter might be unattainable. For instance, Illinois does not maintain central records (apparently just over half of the states do) and there are one hundred and two (102) counties in Illinois where James Brown Gaddy *might* have obtained domicile and a divorce. There are sixty-three counties in Colorado where he might have gone, thirty-two in New Mexico, forty-six in South Carolina and so on. If this court were to require Dorothy M. Gaddy to rebut a presumption that the deceased did obtain a divorce in any one of those states, not to mention in New York or Texas or California or in all the other states which keep no central records, the additional expense could easily mount into the hundreds of dollars and additional time would be required. But even this might not suffice for a "moral certainty"—what of Mexican divorces? Hazel Gaddy suggests all this is required to rebut an evidentiary presumption. This contention is unsupportable, at least under Kentucky law. She must do more than now rely upon a presumption in order to prevail. She must come forward and show at least the probability that the deceased at some time and at some place did in fact obtain a divorce from Dorothy M. Gaddy before his marriage to her. See Rose v. Rose, supra, and cases cited in that opinion; Briggs v. United States, 90 F.Supp. 135, 116 Ct.Cl. 638, and cases cited.

■ The evidence discloses that Dorothy M. Gaddy sued her husband, James Brown Gaddy, for divorce in Las Vegas, Nevada and that a default was entered in the action but that there was no judgment of divorce. In Tharp v. Commonwealth, 241 Ky. 828, 45 S.W.2d 480, the Court of Appeals of this state quoted with approval language from Reynolds v. State, 58 Neb. 49, 78 N.W. 483, as follows: "If a divorce had been obtained, a duly-authenticated copy of the decree was the appropriate and only legal evidence of the fact." Also in the same opinion, referring to 2 Jones on Evidence (2d Ed.), sec. 200a, the court quoted: " 'The following records and documents are themselves the best evidence of their contents: * * * a decree of divorce.'

Cf. Davis v. Commonwealth, 13 Bush 318."

It is the opinion of the court that at the time of the marriage of Hazel Gaddy and James Brown Gaddy, he had never been divorced from Dorothy M. Gaddy, and, therefore, since he had a living wife, his marriage to Hazel Gaddy was void. At the time of his death Dorothy M. Gaddy was his wife and became his widow and entitled to the proceeds of any damages recovered as a result of his death.

An order and judgment in conformity with this memorandum is this day entered.