Hazel GADDY, Administratrix of the Estate of James Brown Gaddy, deceased, Plaintiff-Appellee,

v.

LOUISVILLE & NASHVILLE RAILROAD CO., Defendant-Appellant,

and

Dorothy M. Gaddy, Intervenor-Appellee (two cases).

Nos. 17425, 17426.

United States Court of Appeals
Sixth Circuit.

Nov. 30, 1967.

G. Wayne Bridges, Covington, Ky., for Hazel Gaddy, Bridges & Nelson, Covington, Ky., Lohren F. Martin, Jr., of Sutton, Martin & Forcht, Corbin, Ky., on brief.

Charles S. Adams, Covington, Ky., for Louisville & Nashville Railroad Co., M. D. Jones, J. M. Terry, Louisville, Ky., on brief.

James N. Stein, Covington, Ky., for Dorothy M. Gaddy, Ralph P. Rich, Covington, Ky., on brief.

Before PHILLIPS, CELEBREZZE and McCREE, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment entered in an FELA case, arising out of the death of James B. Gaddy, a railroad employee. Two women, Mrs. Dorothy Marie Husted Gaddy and Mrs. Hazel Gaddy, claim to be his widow. It is undisputed that Dorothy was the first of the two to be married to Gaddy and that they were married in 1954 in a formal ceremony. In 1959 Dorothy filed a divorce action in Las Vegas, but failed to prosecute it. Three years after Dorothy had left him, Gaddy married Hazel in 1962 in a formal ceremony. At the time of his death in 1964 Gaddy was living with Hazel. He had two minor sons by his marriage to Dorothy. Dorothy had no contact with Gaddy after their separation, but she had obtained a support order requiring him to contribute to his children born to their marriage.

Hazel qualified as administratrix and filed this suit. Dorothy filed a motion for leave to intervene which initially was overruled. The suit was tried on the assumption that Hazel was the surviving widow. Judgment was returned for $100,500, of which $62,500 was designated for Hazel and $19,000 for each of the two children.

After the judgment had been entered, Dorothy tendered an intervening complaint for declaratory judgment, still contending that she was Gaddy's widow. The District Judge permitted this complaint to be filed. Neither party demanded a jury. The District Judge held that Dorothy was never divorced from the decedent and that she, not Hazel, was his lawful wife at the time of his death. The District Judge thereupon amended his order so as to direct the administratrix to pay over to Dorothy the $62,500 originally awarded to Hazel.

The opinion of the District Judge is reported in 249 F.Supp. 305.

At the time the jury returned its verdict, it was not aware that any person other than Hazel was claiming to be the surviving widow of the decedent. All proceedings concerning the claim of Dorothy were conducted outside the presence of the jury.

The railroad has appealed, contending that the correct measure of liability of the FELA action is the loss or damage sustained by dependents of the decedent and that the railroad has no liability except for pecuniary damage to the lawful widow and children. The railroad does not dispute the reasonableness of the $19,000 verdict returned in favor of each of the children, but appeals from the $62,500 awarded to Dorothy upon the ground that Dorothy had not lived with the decedent for a number of years and that she did not suffer so large a pecuniary loss as the $62,500 awarded Hazel. Hazel also has appealed, contending that the trial judge erred in holding that Dorothy is the surviving widow.

In Michigan Central R. Co. v. Vreeland, 227 U.S. 59, 68, 33 S.Ct. 192, 195, 57 L. Ed. 417, the Supreme Court defined the measure of damages in an FELA action as follows:

"The obvious purpose of Congress was to save a right of action to certain relatives dependent upon an employee wrongfully injured, for the loss and damage resulting to them financially by reason of the wrongful death. Thus, after declaring the liability of the employer to the injured servant, it adds—'or in the case of the death of such employee, to his or her personal representatives, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death,' etc. There is no express or implied limitation of the liability to cases in which the death was instantaneous.

"This cause of action is independent of any cause of action which the decedent had, and includes no damages which he might have recovered for his injury if he had survived. It is one beyond that which the decedent had,—one proceeding upon altogether different principles. It is a liability

for the loss and damage sustained by relatives dependent upon the decedent. It is therefore a liability for the pecuniary damage resulting to them, and for that only."

In Thompson v. Camp, 163 F.2d 396, 403, this Court, speaking through the late Judge Shackelford Miller, Jr., construed this Act as follows: "The recovery is limited to compensating those relatives for whose benefit the administrator sues as are shown to have sustained some pecuniary loss."

■■■ It is our opinion that the District Judge erred in not permitting Dorothy to intervene in the original trial and in determining the issue of the identity of the lawful widow after the jury had returned a verdict and that it was reversible error to transfer to Dorothy the verdict which the jury had returned in favor of Hazel. The pecuniary damages sustained by Hazel, who had been living with the decedent and occupied the apparent status of his lawfully wedded wife, were not necessarily the same as the damages sustained by Dorothy, from whom Gaddy had been separated for five years and to whom he had made no contribution for her support during the years of their separation. In order for the jury to render an appropriate verdict in an FELA case it is basic that the jury must know the beneficiary for whom the verdict is intended and the facts and circumstances surrounding the relationship between the beneficiary and the decedent.

The judgment of the District Court will be affirmed as to the $19,000 awarded for the benefit of each of the two children of the decedent and as to the issue of liability of the railroad to the person ultimately determined to be his lawful widow. The case will be reversed and remanded for a limited new trial. The judgment of the District Court adjudging Dorothy to be the lawful widow is vacated.

At the new trial, Mrs. Dorothy Marie Husted Gaddy will be permitted to intervene. Huber v. Baltimore & O. Railroad, 241 F.Supp. 646 (D.C.Md.).

The issue will be submitted as to which of the two women is the lawful widow of the decedent. Dice v. Akron, Canton & Youngstown Railroad Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398; Great Northern Ry. Co. v. Johnson, 254 F. 683 (8th Cir.); Tague v. Delaware, L. & W. R. Co., 5 F.R.D. 326 (E.D.N.Y.).

If it is determined that Dorothy, or any other person except Hazel, is the lawful widow, the jury thereupon will proceed to determine the amount of damages due for the benefit of the widow. If it is determined that Hazel is the lawful widow, the District Judge will direct the jury to return a verdict in her favor in the amount of $62,500, which already has been determined to be a reasonable amount for her damages.

Affirmed as to the children of decedent and as to liability of the railroad to his lawful widow; vacated as to the holding of the District Court that Mrs. Dorothy Marie Husted Gaddy is the lawful widow; otherwise reversed and remanded for further proceedings not inconsistent with this opinion.